# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## SUMMER TERM, 1871.

CASE 1—INDICTMENT—JUNE 8.

## Commonwealth v. Turner.

APPEAL FROM GALLATIN CIRCUIT COURT.

1. INDICTMENT SHOULD FOLLOW THE STATUTE.—Where the words of the statute are descriptive of the offense the indictment should follow the language, and expressly charge the described offense on the defendant, or it will be defective.

2. "If any person shall willfully kill, disfigure, or maim any horse," etc. (Sec. 8, art. 25, chap. 28, Revised Statutes, 1 Stanton, 411.) An indictment under this statute, which charged that the defendant "did *unlawfully* shoot and kill a bay mare," etc., was defective.

JOHN RODMAN, Attorney-General, . . . For Appellant,

CITED

Revised Statutes, sec. 8, art. 25, chap. 28, 1 Stanton, 411.

H. J. ABBETT, .  ⎫
JOHN L. SCOTT,  ⎭ . . . . . . . . . For Appellee,

CITED

Wharton's American Criminal Law, sec. 364.
Bouvier's Law Dictionary, "Willfully."

VOL. VIII.—2                    (1)

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

This is an indictment under sec. 8, art. 25, chap. 28, 1 Revised Statutes, 411, which reads as follows: "If any person shall *willfully* kill, disfigure, or maim any horse, cow, mule, jack, or genet not his own, without the consent of the owner, he shall be fined not less than ten nor more than one hundred dollars, or imprisoned not less than one nor more than six months," etc.

The indictment in this case charged that appellee did UNLAWFULLY shoot and kill a bay mare, aged about two years, of the value of one hundred dollars, the personal property of Reuben Crutcher, etc.; to which indictment a demurrer was sustained by the court below, and the commonwealth has appealed.

In Wharton's American Criminal Law, page 185, it is said the general rule is well settled that in an indictment for an offense created by statute it is sufficient to describe the offense in the words of the statute. But few exceptions to this rule are recognized; and where the words of the statute are descriptive of the offense the indictment should follow the language, and expressly charge the described offense on the defendant, or it will be defective.

The defendant here is charged with having *unlawfully* killed the mare of Crutcher. This he may have done, and yet may not have done it *willfully*. As if the owner of the mare had been riding her on the public highway, and appellee had shot at him with the intention of killing or wounding him, and by accident, and with no. such intention, had killed the mare, that would certainly have been an *unlawful* killing of the mare, and for which he would have been responsible in a civil action; but it could not with any propriety be said to be a willful killing, because the slayer had no such wish or intention, nor would it be within the inhibition of the statute *supra*.

We therefore conclude that the demurrer was properly sustained to the indictment, and the judgment must be affirmed.