CASE 26—INDICTMENT—OCTOBER 24.

# Ellis v. The Commonwealth.

### APPEAL FROM OLDHAM CIRCUIT COURT.

1. The indictment accuses appellant of an offense relating to section 7, article 28, chapter 29, General Statutes, while a part of the particular acts charged relates exclusively to the 8th section of the same article.
2. The instruction is error, because it applies the penalty fixed in the 7th section, not exceeding $2,000, to acts relating alone to section 8, where the penalty does not exceed $500.
3. The demurrer to the indictment ought to have been sustained, because acts constituting more than one offense are charged.

W. LINDSAY, BULLOCK & BECKHAM, AND JAMES W. HEAD FOR APPELLANT.

1. The indictment contains allegations derived from the 7th and also the 8th section of article 28, chapter 29, and, therefore, two separate offenses are blended.
2. The demurrer should have been sustained. · (Commonwealth v. Powell, 8 Bush, 7 ; Crim. Code, secs. 127, 165 ; Gen. Stat., 359, 339, 335.)

J. S. MORRIS, CARROLL & BARBOUR FOR APPELLEE.

1. The words "willfully and unlawfully" characterize the charge against appellant.
2. The demurrer came too late. (Crim. Code, secs. 122, 157, 162, 171, 172; Gen. Stat., 246, 359; 2 Met., 374; Ibid, 485; 5 Bush, 317; 10 Ibid, 477; 8 Ibid, 2; 13 Ibid 319, 333; Barb. Dig., vol. 45.)

Ellis v. The Commonwealth.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The indictment accuses the appellant "of the offense of unlawfully injuring and destroying real property of value not his own."

The 7th section of article 28, chapter 29, General Statutes, provides, "If any person unlawfully, but not with felonious intention, take, carry away, deface, destroy, or injure any real . . . . property of value not his own, . . . . he shall be fined not less than ten nor more than two thousand dollars."

The accusation was clearly for an alleged violation of the 7th section of the statute, which it literally follows. A charge of *unlawfully* injuring property, under the 8th section of the article named, is not good, because it must aver that offenses therein denounced were not only unlawfully but willfully done. (Turner v. Commonwealth, 8 Bush, 1.) And the omission of the necessary averment in the indictment to bring the accusation within the 8th section furnishes a strong reason that it was not the intention of appellee to declare under that section.

The acts alleged in the indictment to constitute the offense charged were, that the accused "did injure the fence . . . . and destroy the grass of Isaac Davis, by willfully and unlawfully pulling down the fence and turning and driving cattle in the field and upon the grass of Davis, and by causing the cattle . . . . to eat and destroy the grass."

It is provided by the 8th section of the article and chapter quoted, that "if any person shall willfully and unlawfully . . . . pull down or open the fence, . . . destroy or injure the vegetables of any person, . . . . he shall be fined not less than five nor more than five hundred dollars."

From the reading of the two sections, it will be observed that the accusation is under the 7th, and a part of the acts alleged as constituting the offense are embraced in the 8th section, and declared by it to constitute a different offense than that charged in the indictment, for which there is a different penalty.

By the 8th section, willfully and unlawfully pulling down or opening the fence of another, subjects the offender to a fine of not less than five nor more than five hundred. dollars; but the court below instructed the jury, that if they believed the accused "injured or destroyed the fence of Isaac Davis . . . . by pulling down the fence, . . . . said fence being of any value, . . . they should find him guilty, and fix his punishment at a fine of not less than ten nor more than two thousand dollars." They were also told, that if they believed he injured or destroyed the grass of Davis, they should find him guilty, and fine him in the same: manner.

Whether injuring and destroying grass is an injury to real estate, denounced by the 7th section *supra*, we do not now decide, but injuring the fence by pulling it down is not a violation of the 7th section.   It is, when done willfully and unlawfully, a violation of the 8th section, and the penalty fixed by that section for such an act can in no case be more than half the quantity of the penalty denounced by the 7th section against the acts forbidden by it.   The two sections must be so construed, if it can reasonably be done, as to effectuate the intention of the legislature and avoid the annexation of two dissimilar penalties by different statutes for the same acts; and in order to escape this anomaly, the acts named in the 8th section, while they may in fact result in or be an injury to real estate, must have been intended by the legis-

Ellis v. The Commonwealth.

lature to be excluded from the penalty denounced in the 7th section. They do not constitute, when committed, the injury to real estate designated by that section, nor do they subject the offender to more than five hundred dollars fine. The instruction given at the instance of the Commonwealth, in substance, that the jury should punish the accused by a fine of not less than ten nor more than $2,000 if they believed he pulled down Davis' fence, was erroneous, because the accused was not indicted for such an offense.

There is no provision in the Criminal Code which forbids the filing of a demurrer after a plea of not guilty, or after the jury is sworn, and before the trial. And the fact that the accused is not deprived of any objection on demurrer until after verdict, and that then the only objection available is that there is no public offense within the jurisdiction of the court stated in the indictment, satisfies us that the demurrer did not come too late.

The demurrer ought to have been sustained on the ground that the acts constituting more than one offense were charged in the indictment. (Section 165, Criminal Code.) There was but one mode to prevent the court from sustaining the demurrer, and that was for the attorney for the Commonwealth to dismiss one of the offenses. (Section 168, Criminal Code.) This was not done by him, and the court therefore erred in not sustaining the demurrer to the indictment.

Wherefore the judgment is reversed, with directions to grant the appellant a new trial, and for further proceedings not inconsistent with this opinion.