SAMUEL ELLIS v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—251.]

**Criminal Law Indictment for Injuring Real Property.**

Whether a field of another is enclosed by a lawful fence or not, the owner of cattle can not turn them into it for the sake of gain or to injure the property without rendering himself amenable to the punishment provided by Gen. Stat. (1879), Ch. 29, Art. 28.

APPEAL FROM SHELBY CIRCUIT COURT.

September 20, 1881.

Opinion by Judge Hargis:

This is the second time we have had this case before us. The opinion in the former appeal is reported in 78 Ky. 130, 3 Ky. L. 251, and none of the questions therein settled will be further noticed.

Upon the return of the case the attorney for the commonwealth, upon the interposition of a demurrer by the accused, elected to prosecute the offense for injury to real property, committed by turning and driving the cattle into the field and causing them to eat and destroy the grass, and dismissed the charge of injuring the fence by pulling it down, and then the court properly overruled the demurrer. The election, in legal effect, took from the indictment the charge, "did injure the fence," and the allegation "pulling down said fence and," and the words "fence and," which described the manner in which the injury to the fence was committed, and the value of the fence, and left the indictment as if the charge of injuring the fence and the manner of doing it had never been made.

The indictment, therefore, as now before us, charges the accused of the offense of unlawfully injuring and destroying real property, by wilfully and unlawfully turning and driving cattle in the field and upon the grass of Davis, and by causing said cattle to eat and destroy the grass.

Hence no words in the indictment with reference to the fence can be considered as any part of the description of the act charged against the accused. The authorities holding that an allegation, not impertinent, whether necessary or unnecessary, which is particularly descriptive of what is legally essential to the charge, cannot be rejected as surplusage, but must be proved, do not apply to this case, because the court instructed the jury, in appropriate language, that they must find the acts set forth in the indictment as constituting the offense to have been committed by the accused before they could find him guilty.

It was not essential that the jury should have been instructed that they must also find that the accused "caused the said cattle to eat and destroy the said grass," for if he turned and drove the cattle into the field, and they ate and destroyed the grass, he was causing them to do it; and instructing the jury was in effect telling them all the facts which were legally necessary to be found to fix his guilt. The manner in which the grass was injured and

destroyed is sufficiently alleged. It was enough to specify that
the accused turned the cattle into the field, and that they ate and
destroyed the grass. Any person of common undersanding would
know what is intended by such a statement. Buckner & Bullitt's
Crim. Code (1876), § 122.

Whether the field was enclosed by a lawful fence or not, the
accused could not with impunity and for the sake of gain, or to
injure the property of Davis, turn his cattle into his field, without
rendering himself amenable to the punishment denounced by the
statute for the injury they might do to the realty. Such acts are
unlawful, and eating and destroying growing grass is an injury to
real estate. The object of the legislature in enacting Gen. Stat.
(1879), Ch. 29, Art. 28, was to prevent intentional trespasses
and injury to real or personal estate by creating a penalty there-
for which would be an additional remedy to the action that exists
at common law for the civil injury.

The bill of exceptions only shows the tendency of the evidence
introduced on both sides, and, in the absence of what was de-
tailed by the witnesses, the law presumes that it was sufficient
to authorize and sustain the verdict. We have carefully examined
the case, without reference to the propriety of the verdict, with
which, on this record, as presented, we have nothing to do, and we
can discover no error prejudicial to the substantial rights of the
accused.

Wherefore the judgment is *affirmed*.

*Bullock & Beckham, William Lindsay, for appellant.*

*Carroll & Barbour, J. S. Morris, P. W. Hardin, for appellee.*