## COMMONWEALTH *v.* J. H. McELROY.

[Kentucky Law Reporter, Vol. 3—241, as Commonwealth v. McCrory.]

**Criminal Law—Indictment.**

 Generally an indictment for a statutory offense is sufficient if it be in the words of the statute, but this is not always true. In charging one with unlawfully shooting at another with intent to kill or wound it is not sufficient to merely allege that the accused shot at another with intent to kill, for the fact of shooting at another does not necessarily imply the use of a weapon sufficient to kill or wound, because it may be done with an instrument totally insufficient and under circumstances showing no criminal intent. In such an indictment it must be alleged that the weapon used was a deadly weapon.

### APPEAL FROM MARSHALL CIRCUIT COURT.

September 24, 1881.

OPINION BY JUDGE LEWIS:

Appellee was indicted under Gen. Stat. (1879), Ch. 29, Art. 17, § 2, for the offense of unlawfully shooting at another with intent to kill or wound such person, although without inflicting a

wound. This appeal is from the judgment sustaining a demurrer to the indictment.

The only objection made to the indictment necessary to be noticed is that the instrument or weapon with which the alleged offense was committed is not stated. The indictment should contain a statement of the act constituting the offense, and should be direct and certain as regards the particular circumstances of the offense charged, if they be necessary to constitute a complete defense.

Generally, but not always, an indictment for a statutory offense is sufficient if it be in the words of the statute, as this is. "Whether sufficient or not, depends upon the manner of stating the offense in the statute. If every fact necessary to constitute the offense, is charged, or necessarily implied by following the language of the statute, the indictment in the words of the statute, is undoubtedly sufficient, otherwise it is not." *Commonwealth v. Stout,* 7 B. Mon. (Ky.) 247. The facts necessary to constitute the offense must be alleged, and it is not sufficient that the essential facts may be inferred from those which are stated. *Taylor v. Commonwealth,* 1 Duv. (Ky.) 160.

Tested by these rules the indictment is insufficient. The simple charge of shooting at another with intent to kill or wound is merely a conclusion of law, for the act of shooting at another does not necessarily imply the use of a weapon sufficient to kill or wound, because it may be done with an instrument totally insufficient, and under circumstances precluding the idea of a criminal intent. To make the offense complete the instrument used must be such as corresponds with an intent to kill or wound, in other words, a deadly weapon; and that it was so used must be directly and expressly alleged in the indictment, and not left to be inferred.

If the section under which the indictment was drawn be construed in connection with § 1 of the same article, which is proper, as they are on the same subject, and under the revised statutes made but one section, it is manifest that the gravamen of the offense, in the meaning of the legislature, is shooting at another with

intent to kill or wound, without inflicting a wound, with a gun or other instrument loaded with a ball or other hard substance.

Wherefore the judgment is *affirmed*.

*P. W. Hardin, C. H. Thomas, W. W. Robertson, for appellant.*

*Gilbert & Reid, William Lindsay, for appellee.*

[Cited, *Commonwealth v. Barney,* 115 Ky. 475, 24 Ky. L. 2352, 74 S. W. 181.]