Case 57.—INDICTMENT AGAINST GREYFUS GREGORY FOR
DESTRUCTION OF A CORNER TREE.—November 15.

## Commonwealth v. Gregory.

Appeal from Wayne Circuit Court.

M. L. JARVIS, Circuit Judge.

From a judgment sustaining a demurrer to the in-
indictment the Commonwealth appeals.   Reversed.

1. Indictment—Following Statute—To render an indictment good ·
    by following the language of a statute, it must contain a
    statement of every fact necessary to constitute the offense,
    and the offense as stated in the statute must be complete
    in itself.
2. Boundaries — Destruction   of   Monuments — Indictment — Ky.
    Stats. 1903, sec. 1228, makes it an offense for any one to
    fraudulently and willfully remove or destroy a corner tree
    or corner stone of a boundary or survey.  Sec. 1256 makes
    it an offense to willfully and knowingly destroy a corner
    tree. 'Held—That an indictment charging that defendant did
    "unlawfully, fraudulently and willfully cut down and destroy a
    corner tree to a survey and tract of land" belonging to a
    certain person sufficiently charges an offense under sec. 1228.

N. B. HAYS, Attorney General, and CHARLES H. MORRIS for
appellant.

1. The statute simply makes it an offense to 'break down, des-
troy, injure or remove * * * any stone, or any tree mark, or
post planted, etc.," and we do take the position that this statute
is as broad as its reading would seemingly make it.   It is a mis-
demeanor to cut, remove or destroy anything that is put up for
the purpose of marking a boundary line of any State, county, city
or any tract of land.

2. We think the indictment is correct, and the matter of con-
sent on the part of the owner is merely a matter of defense.
The statute does not say "the property of another."

Commonwealth v. Gregory.

### AUTHORITIES CITED.

Ky. Stats., sec. 1256; Commonwealth v. Moore, &c., 30 S. W., 837; Commonwealth v. Asher Lumber Co., 32 S. W., 136.

J. P. HARRISON for appellee.

1. The defendant takes the position that if the trees alleged to have been cut had been corners between two or more tracts belonging only to him, with nobody else having any right to them, he had a right to cut them without consulting anybody else, and committed no offense in doing so; and that if the trees were corners between land belonging to him and land belonging to Phipps, he had a right to cut them if Phipps consented, and committed no offense in doing so.

2. If correct in the position I have suggested in the preceding paragraph, the question arises as to the necessity for the averment that the cutting was done without the consent of the owner, and, closely connected with this, the question as to whether the averment is made.

### AUTHORITIES CITED.

Commonwealth v. Asher Lumber Co., 32 S. W., 136; Commonwealth v. Moore, et al., 30 S. W., 837; Roberson's Criminal Law, vol. 2, page 1039.

OPINION BY JUDGE NUNN—Reversing.

The appellee was indicted by a grand jury of the Wayne Circuit Court for the destruction by him of a corner tree to the survey of land belonging to William Phipps. The court sustained a demurrer to the indictment, and the Commonwealth has appealed.

The indictment is as follows: "The grand jury of Wayne county, in the name and by the authority of the Commonwealth of Kentucky, accuse Greyfus Gregory of the crime of fraudulently and willfully cut down and destroy a corner tree to the survey of any tract of land, committed in manner and form as follows, viz.: The said Greyfus Gregory, on the first day of March, 1904, before the finding of this indictment and in the county and State aforesaid, did unlawfully,

fraudulently, and willfully cut down and destroy a corner tree to a survey and tract of land belonging to Wm. Phipps, against the peace and dignity of the Commonwealth of Kentucky."

Counsel for the parties appear to be laboring under a mistake. They discuss the case upon the idea that the indictment was drawn under the provisions of sec. 1256, Ky. Stats., 1903, which provides that if any person willfully and knowingly, without felonious intention, destroys a corner tree to any tract of land, he shall be fined not less than $10 nor more than $2,000. The indictment was drawn to punish the appellee for the violation of sec. 1228 of the Ky. Stats., of 1903, which reads as follows: "If any person shall fraudulently and willfully remove, deface, cut down or destroy a corner tree or corner stone of the boundary of this State, or to the survey of any tract of land, he shall be confined in the penitentiary not less than one nor more than five years.". It appears that the court sustained the demurrer for the reason that it was not charged in the indictment that the destruction of the tree was without the consent of Phipps.

The indictment follows the language of the statute. The general rule is that, to render an indictment good by following the language of the statute, it must contain a statement of every fact necessary to constitute the offense. The offense as stated in the statute must be complete in itself. Construing this indictment by this general rule, we are of opinion that it charges appellee with an offense. He is charged with fraudulently cutting down and destroying a corner tree to the survey of land belonging to Wm. Phipps. The words "fraud" and "fraudulently" have a well-defined and known meaning in law. Appellee is presumed to and must have known that by the use of the

word "fraudulently," as used in the statute and indictment, he was charged with destroying this corner tree with the wrongful intent and purpose of obtaining an unfair advantage and securing for himself or another the lands or property of some other person.

The appellee contends that under the authority of the cases of Commonwealth v. Moore, 30 S. W., 873;. 17 Ky. Law Rep., 212, and Commonwealth v. Asher Lumber Co., 32 S. W., 136, 17 Ky. Law Rep., 542, the lower court properly sustained the demurrer to the indictments in these cases. But the cases cited are unlike the one at bar. In the cases referred to the indictment charged that the defendant "unlawfully" took and carried away timber, etc., in the one case; in the other, that the defendant "unlawfully" placed the brand of the Asher Lumber Company on logs, the property of Charley Walters. The lower court sustained the demurrer to each of the indictments, and this court affirmed the judgments upon the ground that the charge of "unlawfully" taking and carrying away timber, or placing brands on saw logs, was only the conclusion of the pleader.

These cases in effect decide that the first part of sec. 1256 does not state facts sufficient to constitute an offense. Hence the necessity of alleging that the taking of the property or the branding of the logs was. without the consent of the owner. To charge a person that he had unlawfully done an act is merely the conclusion of the person making the charge. Persons have different views with reference to things that are lawful and unlawful, but not so with reference to a charge that one fraudulently and willfully committed an act. The mind of every person at once concludes that the person charged committed the act with the evil intent and purpose to injure another, or

to gain some unfair advantage for himself or another. In our opinion the language of sec. 1228, Ky. Stats., 1903, contains every fact necessary to constitute an offense, and, as the indictment follows it, the demurrer should have been overruled.

For the reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent herewith.