## Carroll v. Commonwealth.

(Decided May 11, 1915.)

Appeal from Whitley Circuit Court.

1. Appeal and Error—Criminal Law—Transcript of Record—Time for Filing—Judgment—When Effective.—A judgment dates not from the time it is spread on the order book but from the time it is signed by the presiding judge, and if, in a criminal case, this court, within sixty days from the time the judgment is signed, extends the time for filing the transcript, and the transcript is filed within the extended period, it is filed in time and the appeal will not be dismissed.

2. Exceptions—Bill of—Motion to Strike.—Where a judgment rendered in October was not signed until December 18th and the defendant was given until the third day of the next (February) term to file a bill of exceptions, and the bill was filed on the second day of the next term and approved by the presiding judge,

the bill was filed in time and may be considered by the Court of Appeals.

3.   Indictment — Statutory   Offense — Sufficiency   of   Indictment.—
Whether an indictment for a statutory offense in the language of the statute is sufficient or not, depends upon ·the manner of stating the offense in the statute. If every fact necessary to constitute the offense is charged, or necessarily implied by following the language of the statute, an indictment in the words of the statute is sufficient; otherwise it is not.

4.   Indictment—Section 1221 Kentucky Statutes—Demurrer.—An indictment for the offense of arresting another, otherwise than according to law, under Section 1221 of the Kentucky Statutes, which charges that the defendant did unlawfully, wilfully and feloniously arrest and detain Luther Neal against his will, "otherwise than according to law," is bad on demurrer.

5.   Criminal Law—Instructions.—On a trial for the offense of arresting another, without authority of law, an instruction which leaves to the jury, without any guide by which to reach a proper conclusion, the question of who is a peace officer with authority and right to make arrests, is erroneous.

6.   Criminal Law—Indeterminate Sentence.—On a trial for an offense ·committed since the present indeterminate sentence law went into effect, it is the duty of the jury to fix the punishment and for the court to enter judgment in conformity with the verdict; and it is prejudicial error for the court to fix the punishment.

B. B. SNYDER and HENRY C. GILLIS for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Section 1221 of the Kentucky Statutes (1915) provides: "Arresting, imprisoning or transporting another—aiding and abetting. If any person or persons shall arrest or imprison another, or shall transport him, against his will, beyond the bounds of this Commonwealth, otherwise than according to law, or cause, or in any manner counsel, aid or abet in such arrest, imprisonment, or transportation, the person or persons so offending shall, on conviction thereof, be deemed guilty of felony, and shall be confined in the penitentiary not less than one nor more than twenty years."

Garfield Carroll was convicted under the above statute and given an indeterminate sentence in the penitentiary of from one to twenty years. He appeals.

The indictment is as follows:

"The Grand Jury of Whitley Court, in the name and by the authority of the Commonwealth of Kentucky accuse Garfield Carroll of the Crime of Arresting and Detaining another against his will, otherwise than according to law.

"Committed in manner and form as follows, viz: The said Garfield Carroll on the 5th day of June, 1914, before the finding of this indictment and in the County and State aforesaid did unlawfully, wilfully and feloniously arrest and detain Luther Neal, against his will, otherwise than according to law, against the peace and dignity of the Commonwealth of Kentucky."

Briefly stated, the facts are these: At the time of the alleged arrest a street carnival was being conducted just outside of the corporate limits of the city of Corbin. Garfield Carroll was employed by the manager of the carnival company to assist in keeping order on the grounds. About midnight some shots were fired on the grounds. According to the evidence for the Commonwealth, Luther Neal and Ed McHargue were leaving the grounds. Defendant Garfield Carroll ran up and stopped them. Defendant held them for about five minutes. Defendant put his hands on them and searched both of them. Defendant claimed to be a deputy sheriff. Neal, who gave the above testimony, says that he had had a drink, but was not drunk. Ed McHargue was drunk. On cross-examination he admitted telling defendant's counsel that defendant had not arrested him, but claimed that he didn't say that defendant had not touched him. At the time defendant came towards witness, Boggs, the policeman, was also coming. Boggs says that defendant took hold of McHargue. Defendant said, "I am an officer and will do my duty." Didn't see defendant have hold of Neal. The sheriff testified that defendant had not been appointed a deputy. Other deputies were sent to the carnival grounds to keep order. The defendant testified that he never had his hands on Neal or McHargue, nor did he search them. He had heard the pistol shots and approached McHargue and Neal. Boggs searched McHargue, but neither one of them searched Neal. Curt Jones, a deputy sheriff, appointed defendant and defendant believed that he had a right to act. The manager of the carnival employed him to keep order. Neal stated in defendant's presence that defendant had not touched him.

Besides instructions defining the words "wilful and wilfully" and "felonious and feloniously" the trial court gave the following instructions:

"1. If you believe from the evidence, beyond a reasonable doubt, that the defendant, Garfield Carroll, in Whitley County, and before the finding of the indictment in this case, unlawfully, wilfully and feloniously arrested or imprisoned Luther Neal by taking or detaining him against his will, at the time claiming to be an officer, and at a time when he was not a peace officer with authority and right to make arrests, either as sheriff or marshal, then you will find the defendant, Garfield Carroll, guilty as charged in the indictment, of 'arresting another.'

"2. If upon the whole case you have a reasonable doubt from the evidence of the defendant having been proven guilty, then you should find him not guilty."

Motion has been made to dismiss the appeal on the ground that the transcript of the record was not filed within sixty days from the time the judgment was rendered. It appears from the proceedings that the trial took place early in October. Motion and grounds for a new trial were then filed, but were not overruled until October 23rd. On October 24th judgment was rendered sentencing the defendant. Neither this order nor the order overruling the motion for a new trial was signed by the trial judge until December 18th, 1914, which occurred during the next term. At that time the court entered an order reciting the facts and stating that the order overruling the motion for new trial should be treated and considered for all purposes as having been entered and having become effective on December 18th. At the same time the defendant was given until the third day of the next regular February term to prepare and file a bill of exceptions. On December 22nd defendant filed with the clerk of this court a copy of the judgment and asked that the time for filing the transcript of the record and of the evidence be extended until February 22nd, 1915. This motion was sustained and time given. The bill of exceptions was tendered, filed and approved on the second day of the February term. The transcript was filed in this court on February 18th. The Commonwealth insists that, although the judgment was not signed until December 18th, the signature of the judge related back to the date the order was entered and the order

became effective from that date and not from the date that it was signed. This being true, it is insisted that the transcript of the record was not filed within sixty days after the judgment, and that during that period defendant did not secure an extension of time. Hence, it is argued that the transcript was not filed in time. In the recent case of Interstate Petroleum Co. v. Farris, et al., 159 Ky., 820, it was held that inasmuch as an unsigned judgment was a nullity and did not become effective until it was entered on the order book and signed by the judge, a judgment was rendered not on the date it was spread on the order book, but on the date that it was signed by the presiding judge. Hence the court reached the conclusion that the time within which an appeal should be prosecuted should be counted from the date the judgment was signed. As the copy of the judgment in this case was filed with the clerk of this court within less than sixty days from the time the judgment was signed, and as during that period the defendant was given until February 22nd, 1915, to file the transcript, and as the transcript was filed within the time allowed, it follows that the appeal should not be dismissed. For the same reason there is no merit in the contention that the bill of exceptions should be stricken. The trial court had the right to extend the time for filing the bill of exceptions until a day in the term next after the judgment was rendered. As the judgment was not rendered until December 18th, and the defendant was given until the third day of the next (February) term to file the bill, and the bill was filed on the second day of the term and approved by the presiding judge, it follows that the bill of exceptions was filed in time and may, therefore, be considered by this court.

The first ground urged for reversal is the error of the trial court in overruling the demurrer to the indictment. The Commonwealth takes the position that the indictment is sufficient because the offense is a statutory one and the indictment follows the language of the statute. It is true that an indictment for such an offense in the language of the statute is generally held to be sufficient. Blackburn v. Commonwealth, 15 Ky. L. R., 239; Commonwealth v. Tanner, 5 Bush, 316; Davis v. Commonwealth, 13 Bush, 318; Sellers v. Commonwealth, 13 Bush, 331; Commonwealth v. Turner, 8 Bush, 1; Fitch v. Stegall, 14 Bush, 230; Cundiff v. Commonwealth, 9 Ky. L. R., 537; Knoxville Nursery Company v. Com-

monwealth, 108 Ky., 6; Commonwealth v. Grinstead, 108 Ky., 59; Commonwealth v. C. & O. Ry. Co., 101 Ky., 159. But an indictment in the words of the statute is not always sufficient. Whether sufficient or not depends upon the manner of stating the offense in the statute. If every fact necessary to constitute the offense is charged, or necessarily implied by following the language of the statute, an indictment in the words of the statute is sufficient; otherwise it is not. Commonwealth v. Stout, 7 B. Mon., 247; Commonwealth v. McCrory, 3 Ky. Law Rep., 241; Commonwealth v. Shaurer, 4 Ky. Law Rep., 343; Commonwealth v. Gregory, 121 Ky., 458, 89 S. W., 477; Commonwealth v. White, 109 S. W., 324; Tudor v. Commonwealth, 119 S. W., 816, 134 Ky., 186; Commonwealth v. Barney, 115 Ky., 475; Commonwealth v. Lowe, 116 Ky., 338; Commonwealth v. Huff, 141 Ky., 459; Lancaster Hotel Co. v. Commonwealth, 149 Ky., 443, 149 S. W., 942. It will be observed that the statute under which defendant was convicted makes it an offense for any person or persons to arrest or imprison another, or transport him against his will beyond the bounds of the Commonwealth, "otherwise than according to law," or to cause or in any manner counsel, aid or abet in such arrest, imprisonment or transportation. It does not specify the circumstances under which such arrest, imprisonment or transportation is "otherwise than according to law," but leaves the question of the illegality of the arrest, imprisonment or transportation to be determined by reference to other laws regulating these subjects. It is clear, therefore, that the language of the statute is not sufficient to state every fact necessary to constitute the offense, and as the indictment does not state such facts, but merely employs the language of the statute, it follows that the indictment is insufficient, and the demurrer thereto should have been sustained. In this connection it is proper to say that the indictment under the statute in question, set out in the case of Commonwealth v. White, 30 Ky. Law Rep., 1322, was held to be sufficient.

Instruction No. 1 is erroneous, because the question who is a peace officer with authority and right to make arrests is left solely to the jury without giving them any guide by which to reach a proper conclusion. The proper way to instruct a jury under the above statute is to define the words "arrest" and "peace officer" and

tell the jury when a peace officer has the right to arrest another and when a private person has the right to arrest another. The court should further tell the jury that an arrest made under any other circumstances than those set out is without authority of law. The court should then tell the jury, in substance, that if they believe from the evidence that defendant unlawfully, wilfully and feloniously arrested Luther Neal, without authority of law, as defined in instructions Nos. ——, they should find him guilty as charged in the indictment. Such instruction, together with instruction No. 2 given on the first trial, and another instruction with reference to the punishment to be fixed by the jury, will be sufficient to present the law of the case.

The crime for which defendant was convicted was committed in the month of May, 1914, which was after the indeterminate sentence law of 1914, now Section 1136, Kentucky Statutes (1915), went into effect. Under that law it is the duty of the jury, if it finds the defendant guilty, to render against him an indeterminate sentence of imprisonment in the penitentiary for an indefinite term, and to state in its verdict the minimum and maximum limits thereof, which limits shall be within the minimum and maximum time of imprisonment prescribed by law for the punishment of the offense. It is then the duty of the court to render judgment in conformity to the verdict. In the present case the verdict of the jury did not conform to the statute. The jury did not fix the punishment; on the contrary, the court fixed it at from one to twenty years. As the defendant had the right to have the jury prescribe the minimum and maximum limits of his punishment within the minimum and maximum time prescribed by the statute, and as the court was without authority to fix his punishment, it follows that his action was prejudicial error.

Judgment reversed and cause remanded for proceedings consistent with this opinion.