## Commonwealth v. Louisville & Nashville Railroad Company.

(Decided January 22, 1924.)

### Appeal from Madison Circuit Court.

1. Indictment and Information—Indictment Following Words of Statute Not Sufficient where it Does Not State Facts Constituting Offense.—Where the terms of the statute do not themselves state the facts necessary to constitute the offense, it is not sufficient for the indictment to follow the words of the statute.

2. Indictment and Information—Indictment for Abandoning Station Sufficient—"Abandon."—An indictment under Ky. Stats., sections 772, 793, for the offense of unlawfully abandoning passenger station, which followed the language of the statutes and employed the word "abandon," was sufficient without a further description of the offense, to "abandon" meaning "to relinquish or give up with the intent of never again resuming or claiming one's rights or interests in; to give up absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in; to desert."

3. Indictment and Information—Defects in Language and Spelling Will Not Invalidate.—Defects in language and spelling will not invalidate an indictment if it is sufficient under the liberal rule with respect to drafting such accusations.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellant.

WOODWARD & WARFIELD and BURNAM & GREENLEAF for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

The appellee railroad company was indicted in the Madison circuit court under Kentucky Statutes, section 772, for the offense of unlawfully abandoning a passenger station. To the indictment the company filed a general demurrer, which the court sustained, and it is of this ruling the Commonwealth complains and prosecutes this appeal.

The indictment is subject to many criticisms, being especially defective in its English and arrangement. It alleges, however, in substance that the Louisville & Nashville Railroad Company on the 31st day of May, 1923, in the county of Madison and within a year before the finding of the indictment, it being a corporation duly and regularly created and organized under and by virtue of law, with power to contract and be contracted with, to sue and be sued, did, while owning and operating a line of railroad through Madison county, Kentucky, unlawfully and wilfully abandon a passenger station at Million, a point on its line of road in said county, which said station had been established and maintained by said railroad company throughout the year for five consecutive years, which abandonment by the company was without the written consent of the railroad commission of Kentucky.

The statute under which the indictment is drawn, section 772, in part reads:

> "Any company that has established and maintained throughout the year, for five consecutive years, a passenger station at a point on its road, shall not abandon such station without the written consent of the railroad commission."

By section 793, Kentucky Statutes, it is provided in substance that:

> Any railroad company failing to comply with the provisions of section 772 and other sections named, relating to railroads shall be guilty of a misdemeanor and punished by the infliction of a fine for each failure or violation of the statute.

In the brief for appellee company it is said:

> "The only question before the court is the sufficiency of the indictment. The court below sustained the demurrer to the indictment because it considered

the word 'abandonment' as being necessarily descriptive of a situation, or a result, rather than of an act. With this view the case necessarily fell within the rule that where the terms of the statutes do not themselves state the facts necessary to constitute the offense, it is not sufficient for the indictment to follow the words of the statute. . . .

"As stated in the case of Carroll v. Commonwealth, 164 Ky. 599, quoted by appellant's brief, and which case refers to all of the leading cases in this state on the subject, whether an indictment in the words of the statute is sufficient, depends entirely upon the manner in which the statute states the offense. If the mere result of a set or series of acts is the term used in the statute, then the facts from which that result is obtained must be specifically set out in the indictment."

The question is, whether the indictment which in substance follows the language of the statute and employs the word "abandon," is sufficient without a further description of the offense. In the case of Carroll v. Commonwealth, 164 Ky. 599, the rule was stated: "If every fact necessary to constitute the offense is charged or necessarily implied, by following the language of the statute, an indictment in the words of the statute is sufficient otherwise it is not." In the earlier case of Commonwealth v. White, 109 S. W. 325, it was said:

"The rule is that where the words of the statute are descriptive of the offense, the indictment will be sufficient if it shall follow the language, and expressly charge the exact offense of the defendant."

In the case of Commonwealth v. Barney, 115 Ky. 487, we said:

"Generally an indictment for a statutory offense is sufficient if it follows the words of the statute. But this is only where the words used in the statute are sufficient to describe every fact essential to constitute the offense."

If the word "abandon" was sufficient to describe the cessation of the railroad company to employ the depot at Million as a depot, then the indictment, we think, is admittedly sufficient.

In Webster's New International Dictionary the word abandon is defined: "To relinquish or give up with the

intent of never again resuming or claiming one's rights or interests in; to give up absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in; to desert.'' As synonyms the same book gives: ''Leave, quit, renounce, forego, resign, give up, surrender, relinquish.''

Accepting these definitions, as we must, we are of opinion that the word ''abandon'' was as definite and certain a description of the meaning of the mental impression and thought to be conveyed as could have been selected by the makers of the statute. To abandon a station is to give it up, never to be used again. If the General Assembly had used ten lines in an effort to have more definitely described the act it intended to make unlawful it could not have better done so than by the employment of the word ''abandon.'' This being true it was entirely sufficient for the pleader in the preparation of the indictment under the section to charge that the defendant company abandoned the station because that expression carried to the mind of every person who read the statute the fact that the company was quitting and forever giving up Million station on its line of railroad in Madison county.

While the indictment is subject to serious criticism for its bad composition, it was upon the whole, we think, sufficient on general demurrer, for we have held in a number of cases that defects in language and spelling will not invalidate an indictment if it is otherwise sufficient under our liberal rule with respect to drafting such accusations. Thomas v. Commonwealth, 175 Ky. 38.

For the reasons indicated the judgment is reversed for further proceedings not inconsistent herewith.

Judgment reversed.