## Commonwealth v. Jack Garner, alias James Taylor.

(Decided October 6, 1925.)

### Appeal from Clark Circuit Court.

1. Indictment and Information—Indictment, Following Words of Statute, Must Charge Facts Constituting Offense.—An indictment, which follows the words of the statute, is sufficient if every fact necessary to constitute the offense is charged or necessarily implied, otherwise it is not.

2. Animals—Guilty Knowledge Must be Averred in Indictment for Selling Infected Hogs.—Guilty knowledge, on the part of defendant, is an essential element of the offense of selling hogs, infected with cholera, and should be positively and directly averred in indictment.

3. Indictment and Information—Indictment Held Insufficient to Charge Sale of Cholera Hogs Knowingly.—An indictment following language of Ky. Stats., section 63c-3, charging defendant with unlawfully and knowingly selling hogs infected with cholera, held insufficient as not alleging that defendant knew that the hogs sold were so infected.

FRANK E. DAUGHERTY, Attorney General, and WM. J. BAXTER, Commonwealth Attorney, for appellant.

JAS. F. WINN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

The lower court sustained a demurrer to the following indictment:

"The grand jury of Clark county, in the name and by the authority of the Commonwealth of Kentucky, accuses Jack Garner, alias James Taylor, of the offense of unlawfully and knowingly selling domestic animals, namely, hogs, infected with a communicable disease, namely, cholera, committed as follows, viz.:

"That said Jack Garner, alias James Taylor, on the 9th day of December, 1924, in the county aforesaid and within one year next before the finding of this indictment did unlawfully, knowingly and wilfully sell to Fred Craycraft domestic animals, namely, hogs, infected with a communicable disease, namely, hog cholera, and without a special permit, or any permit, from the State Live Stock Sanitary Board of Kentucky, against the peace and dignity of the Commonwealth of Kentucky.

"WILLIAM J. BAXTER,
Commonwealth's Attorney."

The Commonwealth appeals and asks for a certification of the law. The offense is statutory and the indictment follows the language of the statute Kentucky Statutes (63c-3), hence its sufficiency depends upon the manner of stating the offense in the statute, the rule being, "If every fact necessary to constitute the offense is charged or necessarily implied by following the language of the statute the indictment in the words of the statute is sufficient, otherwise it is not." Carroll v. Commonwealth, 164 Ky. 599, and authorities there cited.

Necessarily guilty knowledge on the part of the defendant is an essential element in the offense and should be directly and positively averred in the indictment. The charge of "knowingly selling domestic animals, viz., hogs, infected with a communicable disease, namely, hog cholera," does not meet this requirement. True, it may be inferred from these words that the defendant sold hogs which he knew were infected with a communicable disease, but it is equally inferrable that his knowledge was confined to the fact that he was merely selling the hogs without reference to the disease. The indictment should have charged that at the time of sale the hogs were in-

fected with a communicable disease (naming it), and that defendant knew such fact. While this statute has not been construed heretofore, similar language in other statutes has been construed in a number of cases, and the court has uniformly held that where guilty knowledge is an essential element of the indictment such knowledge must be averred directly and positively and not by way of inference or conclusion. Tudor v. Commonwealth, 134 Ky. 186; Adams v. Commonwealth, 123 Ky. 258; Commonwealth v. Stout, 7 B. M. 247; Commonwealth v. Williams 13 Bush 267; Commonwealth v. Bourne, 96 Ky. 240; Pipes v. Commonwealth, 148 Ky. 174; Smith v. Commonwealth, 151 Ky. 517; Carroll v. Commonwealth, 164 Ky. 600.

It follows that the court properly sustained the demurrer to the indictment.

Wherefore, the judgment is affirmed.