## Commonwealth v. Polley.

Oct. 6, 1944.

Eldon S. Dummit, Attorney General; M. J. Sternberg, Assistant Attorney General, and M. Hargett, Commonwealth Attorney, for appellant.

Silas Jacobs for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

The appellant was indicted for operating a place of entertainment outside of a city without a permit. The indictment substantially followed the language of KRS 231.020. A demurrer was sustained to the indictment and an amendment was offered, charging the operation of the character of place of entertainment defined by KRS 231.010. The court refused to permit the amendment to be filed. The Commonwealth appeals, asking a certification of the law. The principal contention is that the indictment was sufficient since it followed the language of the statute.

Usually, an indictment is sufficient if it follows the language of the statute but this is not always true. This broadly stated rule must be taken with the proviso that the words of the statute must be fully descriptive of the offense. It is only where every fact necessary to constitute the offense is charged, or necessarily implied, by following the language of the statute that an indictment following the statutory language is sufficient. Robertson's Cr. Law Sec. 1710; Adams v. Commonwealth, 123 Ky. 258, 94 S. W. 664, 124 Am. St. Rep. 378; Carroll v. Commonwealth, 164 Ky. 599, 175 S. W. 1043; Commonwealth v. Garner, 210 Ky. 439, 276 S. W. 126.

KRS 231.020, the language of which was followed in the indictment, is not sufficiently descriptive of the offense sought to be charged and the facts necessary to constitute the offense are not necessarily implied therein. It is not every place of entertainment outside of an incorporated city that must secure a permit to operate but only places of entertainment of the character defined by KRS 231.010. Consequently, it was essential that the indictment follow substantially the language of both sections or, at least, allege the operation of a place of entertainment such as that defined in KRS 231.010. It is manifest that an indictment following only the language of KRS 231.020, as did the one before us, is not sufficient.

The amendment offered by the Attorney for the Commonwealth was for the purpose of having the in-

dictment follow the language of both sections but the court properly refused to permit it to be filed. Subsection 5 of Section 126 of the Criminal Code of Practice re-enacted by Acts 1942, c. 142, provides that "The court may at any time cause the indictment to be amended in respect to any defect, imperfection or omission in the matter of form only," but it is apparent that the defect here was one of substance and not of form. The Commonwealth does not seriously contend that the court was in error in refusing the offered amendment.

The trial court correctly sustained the demurrer and correctly refused to permit the filing of the amendment.

The judgment is affirmed and the law is so certified.