## Commonwealth v. Caudill et al.

November 21, 1950.

Sam Ward, Judge.

A. E. Funk, Attorney General, Guy L. Dickinson, Assistant Attorney General, A. E. Cornett, Commonwealth's Attorney, for appellant.

French Hawk for appellees.

JUDGE CAMMACK—Certifying the law.

Boyd Caudill and Hargis Cook, deputy sheriffs of Letcher County, were indicted for arresting Tommy Collier without authority of law. The indictment charged: "* * * at the time not having a warrant for the arrest of the said Tommy Collier and not having reasonable grounds for believing that said Tommy Collier had committed a felony, and said Tommy Collier not having committed a breach of peace or any offense or crime in the presence of said Boyd Caudill and Hargis Cook, and the said Tommy Collier having committed no felony or any offense whatever, and did unlawfully and feloniously take arrest and place in custody the said Tommy Collier."

The reasons why Judge Ward sustained a demurrer to the indictment are set forth in the following order: "The defendants are indicted for arresting another otherwise according to law under KRS 435.150, and

they have demurred to the indictment. The indictment charges that the defendants as peace officers arrested the witness without having any warrant for his arrest, or without any offense being committed in their presence, and without having reasonable grounds to believe that he had committed a felony. Without deciding whether the indictment sufficiently charges the facts and circumstances of the arrest, the Court is of the opinion that the demurrer should be sustained for another reason. The indictment charges that the defendants were peace officers and were acting as peace officers. The statute under which the indictment was drawn seems to be a companion to the kidnapping statute, KRS 435.140. The Court is of the opinion that it was not the intent of the Legislature to have this statute apply to peace officers while in the discharge or attempted discharge of their duties. If a peace officer is attempting to apprehend some one who has committed a felony and makes a mistake and then is subjected to a prosecution under this statute because his grounds for believing the person arrested were not reasonable grounds, or if a peace officer is to be subjected to prosecution under this *state* when he arrests one for drunkenness in a public place and the defendant is acquitted, then peace officers may be impeded in the discharge of their duties. It is, therefore, ordered by the Court that the demurrer be sustained and the indictment dismissed, to which the Commonwealth objects and excepts and prays an appeal to the Court of Appeals for the purpose of having the law certified.''

On this appeal the Commonwealth is asking for a certification of the law.

KRS 435.150 reads as follows: ''Any person who arrests or imprisons another or transports him, against his will, beyond the bounds of this state, otherwise than according to law, but under circumstances not constituting a violation of any of the provisions of KRS 435.140, or causes or in any manner counsels, aids or abets in such an arrest, imprisonment or transportation shall be confined in the penitentiary for not less than one nor more than twenty years.''

We had this statute under consideration in the case of Roberts v. Commonwealth, 284 Ky. 365, 144 S.W.2d 811. Roberts, an officer, was charged with arresting

persons without authority of law. In that case, as in the one at bar, the language of the statute having to do with the transportation of a person against his will beyond the bounds of the Commonwealth was not in question. Roberts was found guilty and his conviction was upheld. It follows that the court improperly sustained the demurrer to the indictment. See also the cases of Commonwealth v. White, 101 S.W. 331, 30 Ky. Law Rep. 1322; and Carroll v. Commonwealth, 164 Ky. 599, 175 S.W. 1043.

Wherefore, this opinion is certified as the law of the case.