Mitchell v. Commonwealth.

---

CASE 73—INDICTMENT—MAY 17.

## Mitchell v. Commonwealth.

APPEAL FROM LAUREL CIRCUIT COURT.

1. SALE OF INTOXICATING LIQUORS—JAMAICA GINGER.—(a) Proof that Jamaica ginger contains ninety-six per cent. alcohol and four per cent. ginger is sufficient to show that it is an intoxicating and spirituous liquor; but (b) it is a matter of common knowl-

Mitchell v. Commonwealth.

edge and needs no proof that it is an intoxicating and spirituous liquor.

2. CRIMINAL LAW—VERDICT.—A verdict, "Wee the joury agree and find the defendant guilty as charged in the indite and sess his fined at 100 dollars. Isaa Clouse," is sufficient to base a judgment on.

3. SAME—INDICTMENT—COUNTY.—An indictment will not be invalidated by a misnomer of the county in the caption, the county being properly set out in the body of the indictment.

EWELL & SMITH AND A. L. REED FOR THE APPELLANT.

1. Proof of sale of Jamaica ginger under an indictment for selling spirituous, vinous and malt liquors and the mixtures thereof is a variance.

2. The Jamaica ginger sold in this case is a patent medicine and if it is a legal possibility to convict for a sale of a vial of said ginger, then under the law it certainly could not have been under the charge of the indictment in this case.

3. There was no evidence to warrant a conviction.

4. The misnomer of the county was fatal.

5. The verdict was a nullity.

(The other points discussed by counsel are made immaterial by the opinion of the court.)

W. S. TAYLOR, ATTORNEY-GENERAL, AND M. H. THATCHER FOR APPELLEE.

1. Jamaica ginger when sold as a beverage is an intoxicating liquor within the meaning of the statute.

2. The verdict while a mutilation of the English language is intelligible and therefore sufficient to base a judgment on.

Citations: Acts 1883-4, vol. 1, p. 1116; 43 Ark., 151; 11 Am. & Eng. Ency. of Law, art. 1, sec. 3; Ky. Stats., sec. 2570; Thompson on Trials, vol. 2, sec. 2644; Com. v. Major, 1 Met., 368; White v. Com., 9 Bush, 179; Young v. Com., 12 Bush, 244.

JUDGE DURELLE DELIVERED THE OPINION OF THE COURT.

Appellant was convicted of the offense of selling intoxicating liquors in violation of a special act applicable to Laurel and four other counties. The sole proof was of a phial of Jamaica ginger, White's brand. It is claimed that this was a variance. It was not a variance, if Jamaica ginger was a spirituous liquor. The jury found that it was. But the objection is urged that there was no evidence

to support this finding, as both the vendor and vendee swore it was not intoxicating. Evidence of a druggist was introduced that the regulation requirement of Jamaica ginger was 96 per cent. alcohol and 4 per cent. ginger. If the jury believe this testimony, and believed that the phial contained Jamaica ginger (and it was bought and sold as such), they were authorized to conclude that it was intoxicating. Moreover, we think that, without the druggist's evidence, it is a matter of common knowledge that Jamaica ginger is an intoxicant and a spirituous liquor, and it is hardly more necessary to introduce testimony of that fact than it would be of whiskey.

The verdict of the jury was as follows: "*Wee* the *joury*, agree and find the defendant guilty as charged in the *indite* and *sess* his find at $100 dollars. *Isqa* Clouse." It is objected that this is no verdict. But we think it expresses—though only phonetically—the intention of the jury so that no one could be misaken in regard to it.

The remaining objections to the procedure, with one exception, have been passed upon in Thompson v. Com. 20 Ky., L. R., 397, [45 S. W., 1039; 46 S. W., 492, 698], adversely to appellant's contention.

The final objection is that the caption of the indictment is headed "Liquor Circuit Court," and that, as this court judicially knows there is no such court, there was legally no indictment. Anciently, at common law, it was the custom to write the name of the county on the margin, either with or without the addition of the word "scilicet." The omission of this, however, was not fatal, when the caption or the body of the indictment showed the county. Neither the caption nor the commencement is, strictly speaking, a part of the indictment, though part of the record (Bishop's New Crim. Proc., sec. 603, *et seq.*); and while, in courts of limited or inferior jurisdiction, it is necessary that the facts

necessary to give such courts jurisdiction should appear in the caption or commencement, the Laurel Circuit Court being a court of superior jurisdiction, it is not essential for the jurisdictional facts to appear in the caption. The commencement shows the indictment to have been found by the grand jurors of Laurel county, the indorsement of the clerk and the order of the court show it to have been returned in the Laurel Circuit Court, in which court the appellant was tried and convicted. The error in the caption, under the circumstances, must be considered immaterial, and the judgment is affirmed.