### PEOPLE *v.* PHILPOTT.

1. INTOXICATING LIQUORS—CRIMINAL LAW—JAMAICA GINGER—EVI-
DENCE—ADMISSIBILITY.

In a prosecution for violating the liquor law by keeping
a place where intoxicating liquors and beverages were
possessed and sold and in selling Jamaica ginger for
beverage purposes, it being lawful to sell Jamaica ginger
for culinary purposes and unlawful to sell it for beverage
purposes, wide latitude should be allowed the prosecution,
and the trial court properly permitted the prosecutor to
show the quantity of Jamaica ginger possessed by defend-
ant, the containers thereof, and lack of labels on bottles,
for its bearing upon the question as to whether defend-
ant possessed the Jamaica ginger for sale for beverage
purposes, and made the sale charged for such purpose.

2. SAME—LABELS—STATUTES.

The objection that the Michigan statute does not require
a label on Jamaica ginger, under the circumstances of
this case, is without merit.

3. SAME—TRIAL—INSTRUCTIONS.

In view of Act No. 53, Pub. Acts 1919, defining intoxicat-
ing liquors, the trial court was not in error in instructing
the jury that if they believed from the testimony that
the Jamaica ginger in evidence contained 87 to 90
per cent. of alcohol, it was an intoxicating liquor within
the meaning of the law.

4. SAME—TRIAL—EVIDENCE BROUGHT OUT ON CROSS-EXAMINATION.
Where the reasons given by the officers for suspecting de-
fendant of violating the liquor law came out first on cross-
examination, in the absence of a motion to strike it out
there was no reversible error shown.

Exceptions before judgment from St. Clair; Law
(Eugene F.), J. Submitted April 13, 1922. (Docket
No. 112.) Decided June 17, 1922.

On judicial notice of intoxicating character of Jamaica ginger,
see note in 48 L. R. A. (N. S.) 307.

On test of intoxicating character of liquor, see notes in 4 A.
L. R. 1135; 11 A. L. R. 1233.

Jay G. Philpott was convicted of violating the liquor law.    Affirmed.

*Burt D. Cady,* for appellant.

*Henry Baird,* Prosecuting Attorney, for the people.

WIEST, J.    Defendant was convicted of violating the liquor law, in keeping a place where intoxicating liquors and beverages were possessed and sold and in selling Jamaica ginger for beverage purposes to one John Wilson.    When prohibition became effective in May, 1918, defendant quit the saloon business and opened a wholesale and retail grocery store.    May 24, 1920, he sold to John Wilson an unlabeled six-ounce bottle of Jamaica ginger, charging him $3 therefor, and on the same day one of his clerks made a like sale to Mr. Wilson, who had just recovered from a spree on Jamaica ginger procured elsewhere.

It being lawful to sell Jamaica ginger for culinary purposes and unlawful to sell it for beverage purposes, the court permitted the prosecutor to show the quantity of Jamaica ginger possessed by defendant, the containers thereof, and lack of labels on bottles, and instructed the jury that such testimony might be considered upon the question of whether defendant possessed the Jamaica ginger for sale for beverage purposes and made the sale to Mr. Wilson to be used as a beverage.    The point is made that our statute does not require a label on Jamaica ginger.

In a case like this, where the sale was lawful or unlawful, depending upon the circumstances under which it was made and the purpose thereof, a wide latitude should be afforded the prosecution in showing the possession of the liquor, place where kept, containers thereof, method of selling and all else legitimately tending to show a departure from the customary handling of flavoring extracts for strictly culinary

purposes, so the jury may have insight of the true inwardness actuating a defendant. The charge of the court kept the evidence within such purpose and it is not open to the criticism made.

It is strenuously insisted that, whether Jamaica ginger, containing 87 to 91 per cent. alcohol, is an intoxicating liquor was a question for the jury and the court was in error in instructing the jury:

"Now, in regard to the question of Jamaica ginger as to whether or not it is an intoxicating liquor. Now, Jamaica ginger containing 87 to 91 per cent. alcohol is an intoxicating liquor. If you believe from the testimony that this Jamaica ginger here offered in evidence contains 87 per cent. to 90 per cent. of alcohol, it is an intoxicating liquor within the meaning of this law."

While this is the portion of the charge complained of we think the language of the court immediately following should also be considered. The court also instructed the jury:

"In a general way, an intoxicating liquor is defined by the statutes of this State to be a liquor containing intoxicating properties which is capable of being used as a beverage or will produce intoxication. Now, the term beverage means a liquid for drinking; a name applied to various forms of drink. When the statute uses the term 'beverage,' it means something that can be drunk and will produce intoxication.   *   *   *

"It seems to have been the intention of the legislature of the State to allow intoxicating liquor to be sold under some restrictions, that is, by druggists for mechanical, medicinal, and sacramental purposes and to allow dealers in food products or groceries to sell certain extracts that contain alcohol, flavoring extracts and so on.   *   *   *

"Now, under some circumstances, dealers have a right to sell extracts like lemon extract or vanilla extract or ginger extract for cooking and culinary purposes, and I will now read to you the section that relates to that.

" 'It shall be unlawful for any person to sell any such toilet, medicinal or antiseptic preparations, or solutions or flavoring extracts or patent or proprietary medicines or preparations for beverage purposes, in the guise of flavoring extracts or medicines.' Act No. 338, Pub. Acts 1917, § 10.

"Now, the intention of the legislature, as shown here, is that these extracts have a legitimate use. They usually contain a great deal of alcohol but they are not to be sold for drinking purposes. That is absolutely prohibited. They are only to be sold for flavoring extracts or medicines, something of that kind.

"It is incumbent upon the people to show, beyond a reasonable doubt, that this Jamaica ginger was sold or kept for sale for beverage purposes."

In support of the contention that Jamaica ginger containing 87 to 91 per cent. alcohol cannot, as a matter of common knowledge, be said to be an intoxicating liquor, counsel cites *Commonwealth* v. *Sookey*, 236 Mass. 448 (128 N. E. 788). The evidence in that case fell far short of the evidence in this case, and is not decisive of the point involved here under our statute.

Act No. 53, Pub. Acts 1919, § 3, defines intoxicating liquors:

"The phrase 'intoxicating liquors,' wheresoever used in this act, shall be held and construed to include any vinous, malt, brewed, fermented or spirituous liquors, and every other liquor or liquid containing intoxicating properties which is capable of being used as a beverage or will produce intoxication, whether medicated or not, and all liquids, whether proprietary, patented or not, which contain any alcohol and are capable of being used as a beverage; and all mixtures, compounds or preparations, whether liquid or not, which when mixed with water or otherwise, produce, by fermentation or otherwise, an intoxicating liquor."

We think there is common sense in the following statement made in *McLean* v. *People*, 66 Colo. 486 (180 Pac. 676) :

"As human knowledge grows with experience, the facts of which judicial notice will be taken are constantly increasing. It is a matter of common knowledge that alcohol is the intoxicating element of all intoxicating liquors. We also think it has become a matter of common knowledge to all well informed men that Jamaica ginger is an intoxicating liquor, and that the court might, from the facts in this case, well have so told the jury. Its high per cent. of alcohol (90%) is required to hold the ginger in solution. But it is the alcohol which retains its intoxicating effect, and not the ginger, that produces intoxication. While it is true that Jamaica ginger is manufactured to be used as a medicine and not as a drink, still it is a familiar fact that it is often used as a substitute for whisky, and that, while half a teaspoonful is a dose as medicine, it is capable of being used, and is used and drunk, as an intoxicating liquor."

The intoxicating property is there when Jamaica ginger contains 87 to 91 per cent. alcohol. The court very properly left to the jury the question upon which the case turned. See *Mitchell* v. *Commonwealth,* 106 Ky. 602 (51 S. W. 17), and *State* v. *Intoxicating Liquors,* 118 Me. 198 (106 Atl. 711).

The reasons given by the officers for suspecting defendant came out first on cross-examination and in the absence of a motion to strike out we cannot hold there was reversible error in the rulings.

Under the evidence the court properly left both counts in the information to the jury. We find no reversible error in the rulings complained of.

We have examined all the questions raised and find no reversible error.

The conviction is affirmed.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.