PEOPLE v. GOODKNECHT.

1. INTOXICATING LIQUOR—ILLEGAL SALE—CRIMINAL LAW—INTENT
—PURCHASE MADE FOR OFFICERS DOES NOT WARRANT DEFEND-
ANT'S DISCHARGE.

In a prosecution for violation of the prohibition law (Act
No. 338, Pub. Acts 1917, § 10, as amended by Act No.
336, Pub. Acts 1921, § 10), where defendant was charged
with selling a bottle of Bordeaux extract, the trial court
properly refused to direct a verdict in favor of defendant
because it appeared that the purchase was made at the
solicitation of the officers, since, although said fact might
bear upon the intent of the purchaser, the intent of de-
fendant rather than the intent of the purchaser was the
important one.

2. SAME—BORDEAUX EXTRACT—OTHER SALES ADMISSIBLE ON QUES-
TION OF INTENT.

Testimony of other numerous sales of Bordeaux to the
same purchaser within a short period prior to the sale
charged, that he was intoxicated on Bordeaux when it was
made, and that the alcoholic content of Bordeaux was 50
per cent., was properly admitted as bearing on the intent
of defendant in making the sale and whether it was for
beverage purposes.

3. SAME—STATUTES—INTENT—INDEFINITENESS.

That the question of intent is involved, and that it is
always more or less difficult to prove the question of in-
tent, is insufficient ground for holding the statute invalid
for "uncertainty and indefiniteness in its application,"
as contended by defendant's counsel.

4. SAME—INTENT—TRIAL—INSTRUCTIONS.

Although the intention with which the purchaser pur-
chased the Bordeaux was one of the circumstances which
should have been submitted to the jury to aid them in
determining the intent of the defendant, it was not error
for the trial court to instruct them that what the pur-
chaser did with it after he purchased it was not impor-
tant, since he might have bought it for beverage purposes

and afterwards changed his mind and given it away or devoted it to some other purpose, which would not affect the guilt or innocence of the defendant.

5. SAME—INTENT—EVIDENCE—SUFFICIENCY.
   Testimony on the question of intent, *held*, sufficient to justify conviction.

Exceptions before judgment from Ingham; Carr (Leland W.), J.    Submitted October 12, 1922.    (Docket No. 140.)    Decided December 5, 1922.

Frank Goodknecht was convicted of violating the liquor law.    Affirmed.

*Brown, Kelley & Mosier,* for appellant.

*Merlin Wiley,* Attorney General, and *J. A. Boice,* Prosecuting Attorney, for the people.

BIRD, J.   The prohibitive liquor law provides that:

"It shall be unlawful to sell any such toilet, medicinal, or antiseptic preparations or solutions or flavoring extracts or patent or proprietary medicines or preparations for beverage purposes in the guise of flavoring extracts or medicines, or under such circumstances that the seller might reasonably deduce the intention of the purchaser to use them for beverage purposes." * * *   Act No. 336, Pub. Acts 1921, § 10.

Defendant was convicted in the Ingham circuit court for having violated this statute.   He was charged with having sold to one Dale Peasley a half-pint bottle of Bordeaux, an admixture containing 50 per cent. alcoholic content, for beverage purposes.   The particular sale complained of was made on the 4th day of September, 1921.

Complaint is made because the court refused to direct a verdict of not guilty.   This appears to be based upon the fact that it appeared in the people's evidence that the bottle of Bordeaux purchased by

Peasley at this particular time was purchased by him at the solicitation of the officers, and that it was subsequently turned over to them. This testimony would bear upon the intent of Peasley, the purchaser. The intent involved in this controversy, and the important one, was the intent of the seller. For the purpose of showing the intent of the defendant in making the sale the people gave evidence of other numerous sales of Bordeaux to the same party and within a short period prior thereto. It was further shown that Peasley was intoxicated on Bordeaux when the sale complained of was made to him, and that the alcoholic content of Bordeaux was 50 per cent. These and other surrounding circumstances, tending to characterize the intent of defendant in making the particular sale, were shown. These items of proof were properly admitted and were helpful to the jury in aiding them in determining the ultimate fact as to whether defendant sold the admixture for beverage purposes. *People* v. *Philpott,* 219 Mich. 156.

It is asserted that this statute should be declared invalid for "uncertainty and indefiniteness in its application." We see no more difficulty in applying this statute than any other where the question of intent is involved. It is always more or less difficult to prove a question of intent and in order to establish it a resort must be had to the surrounding circumstances which tend to characterize the intent in doing the act. Under this statute a sale might be lawful or unlawful, depending upon the intent of the seller. In order to determine the state of mind of the seller when the sale is made all the facts and circumstances attending the sale should be admitted. We do not see any such difficulty in its application as to call for its abrogation on the grounds suggested by counsel.

The remaining question which we think is necessary to consider is counsel's complaint with reference to the

charge of the court. The court instructed the jury that they were not concerned with the question as to what Peasley did with the extract after he bought it, whether he gave it away or threw it into the street, as it did not affect the guilt or innocence of defendant in making the sale. Counsel take exception to this and argue that the intention of the purchaser is important. We are impressed that the intention with which Peasley purchased the compound was one of the facts and circumstances which should have been submitted to the jury to aid them in determining the intent of the seller. *Commonwealth* v. *Joslin,* 158 Mass. 493 (33 N. E. 653; 21 L. R. A. 449). But this is another question and does not affect the question as to how Peasley disposed of the liquid. The court charged the jury that what Peasley did with the extract after he bought it was not important. Peasley might have bought it for beverage purposes and afterwards changed his mind and given it away or devoted it to some other purpose. If this were true, that would not affect the guilt or innocence of the seller. Had the court charged the jury that the intent with which the purchaser bought it was not important the situation would be more serious. The charge as a whole we think was a fair presentation of the case to the jury and the testimony was such upon the question of intent as to justify the verdict reached by the jury.

The conviction will be affirmed.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.