### EX PARTE O. O. TAYLOR.

#### No. 9788. Delivered June 15, 1927.

**1.—Habeas Corpus — City Ordinance — Regulating Sale of "Jake" — Held Invalid.**

This is an original application for a writ of habeas corpus, seeking release from confinement under a charge of violating a city ordinance of the city of Wichita Falls, regulating and prohibiting the sale of "Jake" within the limits of said city.

**2.—Same—Continued.**

The city of Wichita Falls enacted an ordinance making it unlawful to deal in, sell, or keep for sale any extract or tincture known as "Jake." It is conceded that "Jake" is a medicinal preparation, but it is also true that it may be converted into an intoxicating beverage. Its sale as a medicine is permitted by our state laws, and the ordinance under consideration being in conflict with our state statutes must be held invalid. See Thorpe on Prohibition, Sec. 459, and other authorities cited.

**3.—Same—Continued.**

While a municipal corporation, when not transcending constitutional limits, and acting within its charter powers, may make reasonable regulations with reference to the traffic in liquor, such regulations must not be inconsistent with legislative regulations upon the same subject. See Cohen v. Rice, 101 S. W. 1052, and other authorities cited.

An original habeas corpus, testing the validity of an ordinance

of the city of Wichita Falls. Ordinance held invalid and the relator ordered discharged.

*C. C. McDonald* of Wichita Falls, for relator.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This is an original application for a writ of habeas corpus.

The validity of an ordinance is attacked upon several grounds.

In Section 1 it is made unlawful to deal in, sell or keep for sale, within the city of Wichita Falls, any extract or tincture known as "Jake," unless the person or corporation shall register his name and place of business with the city clerk.

In Section 2 it is provided that a sale of such article is prohibited except upon prescription by a licensed physician.

In Section 3 it is required that dealers in said article shall keep a book registering the names, addresses and places of abode of the doctors issuing the prescriptions, also the names of the purchasers, and the date and hour of sales. It also requires the keeping of files of prescriptions issued. All of said documents must be kept open to inspection by the police officers of the city of Wichita Falls.

Section 4 reads as follows:

"Nothing in this ordinance contained shall be construed as applying to sale of Jamaica ginger made by wholesale dealers to duly authorized and licensed retail dealers within the city of Wichita Falls. Nothing in this ordinance contained shall be construed to apply to the sale of the herb of jamaica ginger in its natural form."

Section 7 prescribes the penalty in a sum not to exceed one hundred dollars.

Section 8 is an emergency clause, declaring that an emergency exists because "Jake" is being sold and used as a beverage producing intoxication.

According to the agreed statement of facts, the relator sold a two-ounce bottle of double-strength Jamaica ginger, U. S. P., for medicinal purposes to E. S. Richardson. It was agreed that this sale was made without compliance with the terms of either Sections 2 or 3 of the ordinance in question. In other words, the regulations touching the prescriptions, registrations, etc., prescribed in those sections were not observed.

Relator, in the court below and here, claims that the ordinance

is violative of certain constitutional provisions; that it is unreasonable and oppressive, and places undue burdens upon a lawful business, and that it is in conflict with the statutes of this state prohibiting the traffic of intoxicating liquors.

There are judicial declarations giving sanction to the regulation of the traffic in non-intoxicating liquors as contributing to the effective prohibition of intoxicating liquors. See Huth v. United States, 295 Fed. Rep. 35; Purity Extract & Tonic Co. v. Lynch, 229 U. S. 192; Claunch v. State, 82 Tex. Crim. Rep. 355; Ruling Case Law, Vol. 19, p. 841, Sec. 146.

A municipal corporation, when not transcending constitutional limits and acting within its charter powers, may make reasonable regulations with reference to the traffic in liquor. See Cohen v. Rice, 101 S. W. 1052; Williams v. State, 52 Tex. Crim. Rep. 371; Ex Parte Abrams, 56 Tex. Crim. Rep. 465; Ex Parte Hollingsworth, 83 Tex. Crim. Rep. 409. Such regulations, however, must not be inconsistent with legislative regulations upon the same subject. See Ex Parte Oates, 238 S. W. 930; Ruling Case Law, Vol. 19, p. 803, Sec. 110; also pp. 838-840, Secs. 143-145.

In the present instance, the charter of the city of Wichita Falls was not made a part of the record. We are not advised as to whether the city operates under a charter by special act or general law. Under the general law, the charter powers of cities are enumerated. See R. S., 1925, Title 28, Arts. 961 to 1164. Touching the Home Rule Amendment to the Constitution, see Chapter 13, beginning with Art. 1165.

In the absence of other information upon the subject, this court could not assume in this habeas corpus proceeding that the charter powers of the city of Wichita Falls contain provisions upon the subject in hand more extensive than those embraced in the general laws mentioned. There has not been pointed out in the provision the law which the right to enact and enforce the ordinance in question is founded, nor have we perceived such provision. Some of the terms of the ordinance are apparently inconsistent with some of the statutory provisions covering the same subject. This is notably true of that part of the ordinance which requires the prescription of a licensed physician. As stated above, the act done by the appellant was to sell a two-ounce bottle of Jamaica ginger manufactured according to the formula prescribed in the United States Pharmacopeia, which is recognized by the state and Federal statutes as a lawful medicinal preparation. It is true that Jamaica ginger is sometimes converted into an intoxicating liquor, and thus contributes to

the difficulty of the enforcement of the prohibition laws.   See
Thorpe on Prohibition and Industrial Liquor, Sec. 459; Woods v.
Seattle (D. C. Wash), 270 Fed. 315; People v. Philpott, 188
N. W. 497, 219 Mich. 156.   If sold as a beverage, the prosecu-
tion might be a felony under Arts. 666 and 667, P. C., 1925,
forbidding the sale of intoxicating liquors.   See Williams v.
State, 292 S. W. 899.   If sold as medicine, as is admitted to
have been done in the present case, it is not by statute unlawful.
See Arts. 668 to 674, P. C., 1925.   The regulation of the sale of
intoxicating liquors is prescribed by the statutory law, notably
Chapter 7, embracing Arts. 666 to 694, and includes the regula-
tion touching prescriptions.   See Arts. 667 to 678.

   With the information at hand, we are aware of no provision
of the statutory law which would authorize a municipal corpora-
tion to make regulations contained in the ordinance.   Particu-
larly is that true with reference to the requirement of a physi-
cian's prescription to make the sale legal, since that subject is
embraced in the state law to which reference has been made.

   The relator is ordered discharged.

                                            *Relator discharged.*