## Hamilton v. Commonwealth.

(Decided Jan. 13, 1933.)

580

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for the Commonwealth.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The indictment in this case charges defendant and appellant, Carl Hamilton, with the offense denounced in subsection (2) of section 1155 of the 1930 Edition of Carroll's Kentucky Statutes, i. e., rape, committed by defendant upon the person of Anna May Begley, a female between the age of 12 and 18 years. While the offense is complete without the exercise of force by the perpetrator, yet the indictment charged that he employed force to accomplish his purpose, but which was unnecessary to render him guilty. At his trial in the Knott circuit court, wherein the indictment was returned, he was convicted and sentenced to serve a term of five years' confinement in the state penitentiary. On this appeal therefrom his counsel argue a number of grounds for reversal of the judgment, but which, as will later appear, are each hollow and weightless.

It is first argued that the court erred in overruling defendant's demurrer to the indictment, when the fact

is that nowhere in the record (not even in the bill of exceptions) does it appear that any demurrer was ever filed thereto. However, if it were otherwise, then the urged objections to the indictment are so immaterial as to be wholly without merit. They are: First, that all of the elements of the offense are not set out in the accusatory part of the indictment, although it *is* done in its descriptive part with precise particularity and almost verbatim statutory phraseology. We have often held, in cases too numerous to catalogue, that all that is required in the accusatory part of an indictment is to name the offense and to then incorporate the necessary elements of it in the descriptive part, stating the "manner and form" of its commission. No criticism is made to the latter part of the indictment and which could not be done successfully. That being true, the indictment conforms to our previous holdings, and this objection is denied.

It is secondly insisted in support of this error that the indictment was defective because in starting out it said, "The grand jury of the *court* of Knott," instead of the "County of Knott," and which defect counsel, with much emphasis and which, we also conclude, with much seriousness, says that by reason thereof his client was seriously misled and greatly prejudiced. We do not wish to be cruel to either client or attorney, but in the performance of our duty we are compelled to disabuse the mind of counsel of the importance of this alleged error. Indeed, we are not convinced that it is essential to the validity of an indictment that it should state the county wherein the grand jury is impaneled and is sitting; for, if the indictment, when found, is duly returned to the circuit court of that county, and that fact is made a matter of record (which was done in his case), then all the requirements of the Code, as well as safeguards for the protection of the defendant, are complied with. It is true that it has become an established custom to incorporate in an indictment the county wherein the grand jury was impaneled, but no such requirement is contained in section 124 of the Criminal Code of Practice, which enacts, in substance, that an indictment is valid if it contains sufficient averments as to, 1, "the party charged," 2, "the offense charged," 3, "the county in which the offense was committed," and 4, "the circumstances of the offense" if they are necessary to constitute it. This indictment

starts out in its *descriptive* part by saying: "The said Carl Hamilton in the said county of Knott," etc., thereby complying with the requisites 1 and 3, supra, of section 124 of the Criminal Code of Practice. The offense is then described with the particular circumstances contained in the statute creating it, which is a compliance with requisite 4, and requisite 2 is contained in the accusatory part of the indictment. When the county in which the offense was committed is stated in the manner above shown to have been made in this indictment, it necessarily follows that it is not essential that it should be restated in some other place or in another part of the indictment.

Moreover, even if it were essential that the criticized phrase should appear in the indictment, then it is plainly manifest that the draftsman thereof committed an error in writing the word "court" for the word "county," and which error could not in the remotest degree or in any manner whatever mislead or prejudice defendant. Indeed, if the indictment had misdescribed or misspelled his name, then under the provisions of section 125 of the Criminal Code of Practice it would be competent to correct it on motion made for the purpose, or by the court on its own motion. Likewise, it has been held by us in a number of cases, one of which is Overstreet v. Commonwealth, 147 Ky. 471, 144 S. W. 751, that a misspelled word does not vitiate an indictment where it is evident what word was intended. We, therefore, conclude that there is nothing in this criticism of the indictment.

Lastly, it is contended in support of this alleged error that it is not charged in the indictment that defendant was a male person, and which is true, if it is essential that it should be done in *express* terms. But the language of the indictment as a whole clearly reveals that he is of masculine gender, and terms are therein employed which are applicable only to males. Besides, it is expressly alleged that the prosecutrix was and is a female, and the other one to effectuate the unlawful intercourse would necessarily be required to be a member of the opposite sex. We therefore conclude, especially in view of the fact that no demurrer was filed to the indictment, that this objection thereto is also without merit, and which disposes of all the objections to the indictment.

It is next argued that the court should have sustained defendant's motion for a peremptory instruction of acquittal; but, if mistaken in that, then the verdict is flagrantly against the evidence, because the tesimony shows that the alleged intercourse was with the consent of the prosecutrix, and in support of that argument counsel cite and rely with implicit confidence on our recent opinion in the case of Muncey v. Commonwealth, 245 Ky. 664, 54 S. W. (2d) 46, which might be termed a companion case to this one, since the offense involved in that case occurred in the same county, at the same time, and upon the same trip, as is true in this case. A reading of that opinion paints the picture of the occasion and the circumstances surrounding the parties and under which the violation of the statute occurred.

Briefly they are: That in the early part of the evening of September 11, 1931, Dora Stidham and Anna May Begley, who were school girls in the town of Hyden, Ky., were on their way to church when Muncey, the appellant in the case referred to, and Hamilton, the defendant herein, were driving an automobile, and they stopped their car on the side of one of the streets in Hyden and requested the two girls to take a drive with them, which they did, and the four were out all night, traversing two or three counties in Eastern Kentucky; that in a certain place in Knott county each of the couples, Muncey and Miss Stidham, and appellant and Miss Begley, perpetrated the offenses charged against the male participants. In the Muncey case it was shown that the prosecutrix therein, Dora Stidham, was 19 years old, and above the age of consent. It was, therefore, necessary for the conviction of the defendant therein that the intercourse should have been committed by Muncey with force, which we concluded from the testimony was untrue. Because of that conclusion counsel for appellant in this case argues that the opinion therein is conclusive of this one, and which argument is wholly fallacious, because of the distinction between the two cases hereinbefore referred to, i. e., that the prosecutrix in this case was of an age that she could not legally consent to the unlawful act of intercourse, and the fact that she did actually consent, which we conclude was and is true, is no defense in a prosecution of the male participant. See Stewart v. Com-

monwealth, 225 Ky. 731, 9 S. W. (2d) 1087, and cases and authorities therein cited.

But, it is likewise argued that the evidence is insufficient to show that the involved parties had sexual intercourse on the occasion referred to. That fact was positively testified to by the prosecutrix, and appellant admits that a similar act did occur between him and the prosecutrix on the night before (September 10, 1931). But he strenuously denied that any such act occurred on the next night, September 11. If there were no other facts or circumstances in the case, the testimony of the prosecutrix would be sufficient to uphold the verdict on that issue. But our credulity is not enlarged to the extent as to cause us to believe that appellant, on the occasion referred to, was only the accommodating joy-rider that he insists upon in his testimony. According to his testimony, there was plenty of time and numerous occasions for sexual intercourse on his part, but he withstood them and spurned all tempting beseechings and entreaties on the part of the prosecutrix to so engage, and which we are convinced he was too weak to withstand, it not appearing that he was a eunuch. A more logical conclusion would be that be surrendered and appropriated the alluring opportunity. Moreover, the testimony develops that the automobile belonged to appellant, and that he and Muncey (or sometimes some other young male companion) were in the habit of operating his automobile in the same fashion with considerable constancy at night, when each of the male occupants would carry along with him a female companion for personal entertainment, and we hardly think that he marshalled all of his moral virtue and allowed his abstentious determination to dominate his actions on the particular night in question. Further elaboration is unnecessary to demonstrate the fallacy of this argument.

Lastly, it is argued as a ground for reversing the judgment that the court erred in admitting evidence in chief after the defendant had closed his case. The criticized action of the court occurred in this manner: The commonwealth's attorney, after both sides had finished their testimony in chief, was reminded that he had failed to prove in the examination of the witnesses that the parties were not husband and wife, and he asked the court for permission to recall the prosecutrix

and prove that she and defendant were not married, which motion the court sustained, and the attorney asked the witness this question: "You were not married to the defendant, Carl Hamilton, on the date of the commission of the offense you speak of?" To which she gave a negative answer. Counsel in his enthusiasm for his client states that this evidence "came at such a time that it was highly prejudicial to the substantial rights of the accused, and was of such a nature that it unduly prejudiced the minds of the jury. We cannot conceive how any court would permit and allow the commonwealth to take such undue advantage of a person charged with so grave an offense." He then cites in support of his argument the cases of Fletcher v. Commonwealth, 83 S. W. 588, 589, 26 Ky. Law Rep. 1157, and Williams v. Commonwealth, 90 Ky. 596, 14 S. W. 595, 596, 12 Ky. Law Rep. 525, (and he could have lengthened the list), as instances wherein we held under the peculiar facts of each case that the court abused a sound discretion in permitting the introduction by the commonwealth of evidence in chief after defendant had closed his testimony. But in every one of those opinions the court stated, in effect, that each case should be governed by its own peculiar facts, and if the testimony admitted out of the regular order was of such a nature and character as that defendant was unprepared to meet it, and the court gave him no opportunity to do so, it was an abuse of discretion and for the error in doing so the judgment would be reversed.

Illustrating that attitude of the court it was said in the Fletcher opinion, relied on: "This (the complained of evidence) was not admitted under any exercise of discretion because it had been overlooked originally, but was admitted without other explanation or excuse than that it was germane to the issue." And in the Williams opinion it was said: "It is well settled that the trial judge has a reasonable discretion in such case, but there should always be good cause for introduction of testimony out of the regular order." In the case of Collett v. Commonwealth (Ky.) 121 S. W. 426, 427, (not elsewhere reported), in overruling the same argument urging the same alleged error we said: "When evidence which should have been offered in chief is offered in rebuttal, the court may in its discretion decline to admit it, or admit it under such terms as the ends of substantial justice require. He has a discre-

tion in such matters, and this court will not reverse a judgment of conviction where no injustice has been done, and where upon the whole record it cannot see that the result of the trial was affected by the ruling." That statement has constantly and uninterruptedly been followed under the same circumstances, and which is expressly authorized by section 340 of the Criminal Code of Practice confining the right of this court to reverse judgments of conviction only when it appears, "upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby." The appellant in his testimony made no pretense that he and the prosecutrix were married. On the contrary, both his testimony and that of the prosecutrix clearly indicated that they were not husband and wife. She was referred to throughout the testimony of all the witnesses as "Miss Begley" and not as "Mrs. Hamilton," and it goes without saying that the court committed no abuse of discretion in permitting prosecuting counsel to expressly prove that fact at the time and in the manner he did in this case.

Finding no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.