## Commonwealth v. Fain.

(Decided March 24, 1933.)

384

JOHN S. DEERING for appellee.

Opinion of the Court by Judge Thomas—Affirming.

Section 1588 of our present Statute makes it a high misdemeanor, punishable by fine and imprisonment, at the discretion of the jury, for one to "forcibly break up or prevent or attempt to break up or prevent, the lawful holding of an election," etc. The appellee, L. Fain, was indicted by the grand jury of Jessamine county, in which he was attempted to be charged with the offense described by that language of the Statutes. He demurred to the indictment, and the court sustained it over the objections and exceptions of the commonwealth, and it prosecutes this appeal therefrom to obtain a certification of the law.

In neither the accusatory nor the descriptive part of the indictment are any facts averred descriptive of the conduct of defendant in the commission of the offense with which he is accused, but only the general language employed in the statute is averred therein. That would be sufficient, if contained alone in the accusing clause in the indictment, and when the facts constituting the offense are properly averred in its descriptive part, for it is the latter part of the indictment that is supposed to correctly describe the offense that the defendant therein is called upon to defend. See Hamilton v. Com., 247 Ky. 579, 57 S. W. (2d) 516. The only descriptive language in any part of the instant indictment charges that the defendant "did unlawfully and forcibly break up and prevent, and attempted to break up and prevent Jack Sageser and

Fred Strunk from lawfully holding a school election at High Bridge, Kentucky, in school Trustee district No. 4 of Jessamine County for the election of subdistrict trustee.'' It then avers that the persons mentioned had been duly appointed and qualified as election officers to hold the election.

It will be observed that the pleader followed, in hæc verba, the language of the statute in describing the offense attributed to defendant, and which we are convinced was insufficient, and that the learned presiding judge properly so held. In the recent case of Campbell v. Commonwealth, 244 Ky. 328, 50 S. W. (2d) 929, 930, the same violation of the same statute was involved. The indictment therein was found to be sufficient, because it contained a description of the acts and conduct of the defendant therein, which, if true, were such as the statute condemned; but the judgment of conviction was reversed because the proven conduct was not such as the statute denounced. In the course of the opinion we said: ''To commit the offense of forcibly breaking up, or the preventing or attempting to break up or to prevent the legal holding of an election, or to obstruct or attempt to obstruct the same, as defined by section 1588, some element of force as indicated above must be both *alleged* and proven by the commonwealth.'' (Our emphasis.) No element of force was alleged in the indictment under consideration, and the charge as made is but the conclusion of the pleader that the conduct of the defendant, whatever it may have been, constituted a violation of the statute.

The rule is, that where the words of the statute, creating an offense or prescribing punishment for a common-law offense which the statute does not describe, are descriptive of the offense, the indictment will be sufficient if it follows the language of the statute in preferring the charge against defendant. But that rule applies only to offenses which the statute makes complete in themselves. Where that is not done and the offense is described only in general terms without setting forth any of its elements, the indictment should charge the facts; it being insufficient to merely follow the wording of the statute. The rule, as so stated, is universal so far as we have been able to discover, and which is demanded in order to comply with subsection 4 of section 124 of the Criminal Code of Practice,

saying that it is necessary, in order to make the indictment direct and certain, for it to contain "the particular circumstances of the offense charged, if they be necessary to constitute a complete offense." Some of our numerous cases so holding are Commonwealth v. White, 109 S. W. 324, 33 Ky. Law Rep. 70; Tudor v. Commonwealth, 134 Ky. 186, 119 S. W. 816; Hudspeth v. Commonwealth, 195 Ky. 4, 241 S. W. 71; Carroll v. Commonwealth, 164 Ky. 599, 175 S. W. 1043; Commonwealth v. Garner, 210 Ky. 439, 276 S. W. 126; and many others cited in those opinions.

The facts developed upon the trial of the Campbell Case, supra, are illustrative of the wisdom of the rule, to say nothing about the express requirement contained in section 124 of the Criminal Code of Practice, supra. In that case the only force that was attempted to be proven against the defendant therein was exercised in his effort to be allowed to vote at the election and to demonstrate the fact that he was a legal voter thereat. If such facts had been charged in the indictment, it would at once have been seen that he had perpetrated no act that the statute intended to punish, and both he and the commonwealth would have been spared the expense, time, and trouble of the trial. But beyond that, we repeat again that the express requirement of the Criminal Code of Practice section supra (section 124), makes it mandatory that the facts creating the offense shall be stated in the indictment, and, if the wording of the statute does not do so, but contains only general language, an indictment incorporating its general terms will be insufficient.

It follows that the judgment was and is correct, and it is affirmed.