## COMMONWEALTH v. PAYNE.

Court of Appeals of Kentucky.

Jan. 25, 1952.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., R. R. Craft, Winchester, for appellant.

Rodney J. Thompson, Winchester, for appellee.

MOREMEN, Justice.

The Commonwealth, proceeding under section 337 of the Criminal Code of Practice, has appealed and asked to have the law certified.

On September 11, 1951, a Clark County grand jury returned into the Clark Circuit Court, upon a printed form, which was completed by typewriting, indictment, numbered 2416, which read:

"Commonwealth of Kentucky *Madison Circuit Court Indictment* for Storehouse Breaking
against
Robert Payne

"*The Grand Jury of Madison County, in the name and by the authority of the Commonwealth of Kentucky, accuse* Robert Payne *of the offense* of Storehouse Breaking *committed as follows: That said* Robert Payne *in the county aforesaid and before the finding of this indictment did unlawfully, wilfully and feloniously,* with intent to steal therefrom, break the storehouse, known as Bunch's Market, at No. 1 South Maple Street, Winchester, Kentucky, a depository for goods, wares and merchandise against the peace and dignity of the Commonwealth of Kentucky." (The words italicized above, were printed—the remainder were typewritten.)

On September 17, 1951, defendant filed demurrer to the indictment and the court took time. On September 18, after a plea of not guilty by the defendant, a jury was duly impaneled and sworn to try the issue under the indictment. Thereupon the Commonwealth's Attorney began to read the indictment to the jury. Before he finished, he moved that the court set aside the swearing of the jury and refer the case to the grand jury for a second indictment. The motion was sustained over defendant's objection. The case was again referred to the grand jury and, on September 20, 1951, the grand jury of Clark County returned indictment No. 2422, again charging defendant with the offense of breaking into the storehouse known as Bunch's Market at No.1 South Maple Street, Winchester, Ky. This indictment contained the proper caption. To the indictment the defendant entered a plea of former acquittal. The Commonwealth filed an answer to this plea. The defendant filed a response to the answer to which response the Commonwealth demurred, and the court overruled the demurrer, dismissed indictment No. 2422, and ordered the defendant to be released from custody.

The Commonwealth contends that the first indictment was defective because the grand jury (1) captioned it Madison Circuit Court, (2) commenced the first line of the body of the indictment with the phrase, "The grand jury of Madison County," and (3) later used the expression "in the county aforesaid," which referred to Madison County. It is suggested that since the Clark Circuit Court had no jurisdiction to try defendant for a crime committed in Madison County, the defendant was never in jeopardy.

Appellee contends that the first indictment No. 2416 was sufficient to sustain a conviction and, therefore, when the jury was sworn under the indictment, the defendant was under legal jeopardy and the jury could not constitutionally, except for good cause, be discharged.

The decision in this case demands determination of (1) whether the first indictment was sufficient and (2) whether the proceedings in this case under the first indictment were sufficient to place him in jeopardy.

We have held that neither the caption nor the commencement of an indictment is part of an indictment. Banks v. Commonwealth, 277 Ky. 647, 126 S.W.2d 1122; Mitchell v. Commonwealth, 106 Ky. 602, 51 S.W. 17. In the latter case, where the indictment was captioned "Liquor Circuit Court" instead of Laurel Circuit Court, it was written: "Anciently, at common law, it was the custom to write the name of the county on the margin, either with or without the addition of the word 'scilicet.' The omission of this, however, was not fatal, when the caption or the body of the indictment showed the county. Neither the caption nor the commencement are, strictly speaking, parts of the indictment, though parts of the record (Bish. New Cr.Proc. § 663 et seq.) ; and while, in courts of limited or inferior jurisdiction, it is necessary that the facts necessary to give such court jurisdiction should appear in the caption or commencement, the Laurel Circuit Court being a court of superior jurisdiction, it is not essential for the jurisdictional facts to appear in the caption."

In Banks v. Commonwealth, 277 Ky. 647, 126 S.W.2d 1122, 1123, where the indictment was headed, "Perry Circuit Court," when in fact the accused was tried and convicted in Knott Circuit Court of a crime committed in Knott County, it was said: "In the instant case the body of the indictment made it clear that the offense was charged to have been committed in Knott County. This was amply sufficient to advise

the accused that he was indicted and to be tried in the Knott circuit court for an offense committed in Knott County."

It is true that the indictment under consideration contained the printed words "county aforesaid," which referred to the antecedent "Madison County" in the commencement of the indictment, nevertheless, the specific and particular description of the place where the offense was alleged to have been committed was sufficient to advise accused that he was indicted and was to be tried in Clark County for an offense committed in Clark County. This specific place was stated to be: "Bunch's Market at No. 1 South Maple Street, Winchester, Kentucky."

This court takes note of geographical locations. For instance, in Howard v. Commonwealth, 304 Ky. 149, 200 S.W.2d 148, 151, we said: "The testimony of Sizemore is to the effect that the killing occurred within one and a half miles of Hyden. This court takes judicial knowledge of the geography of the State and we know that Hyden is the county seat of Leslie County and is so located as to bring any place within a mile and a half of Hyden within the confines of Leslie County."

The courts take judicial knowledge only of intelligence that is generally known by all persons or is readily ascertainable by them. In other words, courts will not fail to recognize truths that all others can see and understand. The converse is also true, i.e., if the fact is so generally known that the courts will take judicial knowledge of it, then all persons are charged with the same knowledge. In the following cases we held that the court and jury may take notice of the location of cities: Commonwealth v. Von Bogeon, 9 Ky. Opin. 142; House v. Commonwealth, 251 Ky. 834, 65 S.W.2d 997; Howard v. Commonwealth, 304 Ky. 149, 200 S.W.2d 148, and the accused should be charged with possessing the same information. Therefore, we are of opinion that the certain words used in the indictment, that accused did "with intent to steal therefrom break the storehouse, known as Bunch's Market at No. 1 South Maple Street, Win-

chester, Kentucky," were sufficient to charge defendant with the knowledge that the offense occurred in Clark County; where the indictment was returned; where defendant pled not guilty; and where the jury was impaneled and sworn.

In Hamilton v. Commonwealth, 247 Ky. 579, 57 S.W.2d 516, 517, we said: "It is true that it has become an established custom to incorporate in an indictment the county wherein the grand jury was impaneled, but no such requirement is contained in section 124 of the Criminal Code of Practice, which enacts, in substance, that an indictment is valid if it contains sufficient averments as to, 1, 'the party charged,' 2, 'the offense charged,' 3, 'the county in which the offense was committed,' and 4, 'the circumstances of the offense' if they are necessary to constitute it."

The indictment above quoted meets those requirements.

We believe that the proceedings under the indictment were sufficient to place defendant in jeopardy.

In Mullins v. Commonwealth, 258 Ky. 529, 80 S.W.2d 606, 607, it was held that where a mistrial was not caused by defendant's own wrong, consent, or request—jeopardy attaches when the jury is impaneled and sworn. We said:

"Section 13, a portion of the Bill of Rights, of our Constitution, provides: 'No person shall, for the same offense, be twice put in jeopardy of his life or limb.'

"This expresses a doctrine so ancient that it is impossible to trace its origin. It seems always to have been imbedded in every system of jurisprudence, as it is 'a part of the universal law of reason, justice and conscience.' 16 C.J. 233; Nolan v. State, 55 Ga. 521, 21 Am.Rep. 281; Stout v. State, 36 Okl. 744, 130 P. 553, 45 L.R.A.,N.S., 884, Ann.Cas.1916E, 858; Rogers v. Commonwealth, 257 Ky. 495, 78 S.W.2d 340. The view has been taken that jeopardy does not attach until there is a verdict, but it is now quite uniformly regarded as attaching when the jury is impaneled and sworn. Commonwealth v. Olds, 5 Litt. (15 Ky.) 137; O'Brian v. Commonwealth, 9 Bush (72 Ky.) 333, 15 Am.Rep. 715; Williams v. Common-

584

wealth, 78 Ky. 93; Robinson v. Commonwealth, 88 Ky. 386, 11 S.W. 210, 211, 10 Ky. Law Rep. 972; Commonwealth v. Gray, 249 Ky. 36, 60 S.W.2d 133."

In the case at bar the swearing of the jury was set aside upon motion of the Commonwealth's Attorney and over objection of defendant.

We are of opinion that the court properly sustained a plea of former jeopardy of defendant in connection with the second indictment.

Therefore, the law is so certified and the judgment which released the defendant from custody is affirmed.