**KIMBLER et al. v. COMMONWEALTH.**

Court of Appeals of Kentucky.

June 23, 1954.

Robert W. Zollinger and S. Arnold Lynch, Louisville, for petitioners.

C. Hayden Edwards, Asst. City Atty., Louisville, for respondent.

274

Marvin D. Jones, Paintsville, Ky., for appellants.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

Appellants, Hoppy Kimbler and Arthur Gullett, deputy sheriffs of Johnson County, were convicted of "feloniously arresting and imprisoning Earl McKenzie against his will without authority of law", a crime denounced by KRS 435.150, and their punishment was fixed at confinement in the penitentiary for five years and a day. In seeking to reverse the judgment appellants insist the court erred: 1. in overruling their demurrer to the indictment; 2. in overruling their motion for a continuance; 3. in not instructing on the whole law of the case.

On the afternoon of December 26, 1952, McKenzie and Boone Fletcher went into the Johnson County jail to see an inmate. Appellants were in the jail office and when McKenzie and Fletcher came downstairs they arrested McKenzie for being drunk in their presence, and he was locked in jail some three hours but received no abuse or harm from appellant officers. The witnesses for the Commonwealth testified McKenzie was not "drunk or drinking" at the time appellants arrested him; while the defense witnesses testified McKenzie appeared to be drunk at the time of his arrest.

The indictment follows the language of KRS 435.150 and charged appellants "acting as deputy sheriffs, peace officers in and for the County of Johnson, did unlawfully, willfully and feloniously arrest and imprison Earl McKenzie by taking and detaining him against his will, without authority of law".

It is the general rule in this jurisdiction that an indictment following the language of the statute is good if the statute is descriptive of the offense and states or implies every fact and circumstance necessary to constitute the offense. But if the offense is described only in general terms in the statute, it is necessary for the indictment to charge the particular facts and circumstances which constitute the offense, and an indictment in such an instance which only follows the language of the statute is not good on demurrer. Criminal Code of Practice, § 124(4); Com. v. Fain, 248 Ky. 383, 58 S.W.2d 642; Carroll v. Com., 164 Ky. 599, 175 S.W. 1043, and the authorities cited therein.

It will be noted that the statute and the indictment here, which followed the language of the statute, do not specify the circumstances and facts under which such

unlawful arrest is made, "otherwise than without authority of law", but left the question of the legality of the arrest to be determined by reference to other laws regulating the subject.

■ The Carroll opinion gives a full discussion of the question and rather than repeat it here the reader is referred thereto. It will suffice to say the Carroll opinion held an indictment, similar to the one under discussion, to be bad on demurrer and referred to Com. v. White, 101 S.W. 331, 30 Ky.Law Rep. 1322 which contained a sufficient indictment under the statute now under consideration. Following the Carroll opinion, we hold the court erred in not sustaining the demurrer to the indictment in the instant case.

It will not be necessary to discuss the second ground, that the court erred in not granting a continuance on account of the absence of four of appellants' six witnesses, because if appellants are re-indicted and another trial is had, the chances are these witnesses will be present.

■ The criticism of the instructions is they do not define the words "arrest" and "peace officers" as was prescribed in the Carroll case. But in the instant case there was no question raised about the arrest or of appellants' authority to make an arrest as peace officers, since it is admitted the arrest was made and appellants were deputy sheriffs. Therefore, it was not necessary to define the terms just quoted.

■■ The first instruction told the jury if they believed beyond a reasonable doubt that appellants willfully arrested and imprisoned McKenzie against his will at a time when he was not under the influence of intoxicating liquor, then they should find appellants guilty and fix their punishment at not less than one nor more than twenty years in the penitentiary. The second instruction was to the effect that although the jury may not believe McKenzie was under the influence of liquor, yet if they believed from the evidence that appellants, or either of them, had reasonable grounds to believe, and did believe in good faith, McKenzie

was under the influence of liquor at the time and place of his arrest, then appellants should be acquitted. The third instruction was the usual one covering reasonable doubt. We find no error in these instructions and they cover the whole law of the case.

Since the indictment was bad on demurrer, the judgment is reversed for proceedings consistent with this opinion.