Fred **LEWIS**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 1, 1957.

John J. Tribell, William S. Tribell, W. J. Stone, Pineville, for appellant.

Jo M. Ferguson, Atty. Gen., Farmer Helton, Commonwealth's Atty., Martin R. Wilson, County Atty., Pineville, for appellee.

WADDILL, Commissioner.

The appellant was convicted of making an unlawful arrest, as denounced by KRS 435.150, and was sentenced to six years in prison. Appellant insists that the court erred in failing to sustain his demurrer to the indictment, because the indictment failed to allege facts or circumstances necessary to constitute an unlawful arrest.

The indictment charged the commission of the offense as follows:

"The said Fred Lewis * * * did unlawfully arrest * * * James Payne with a pistol * * * and by threats and violence cause said James Payne to submit to the will * * * of Fred Lewis, and by putting him in fear, restrain the said James Payne of exercising his freedom and liberty and did forcibly * * * transport said James Payne * * * to the Bell County jail against the will of said James Payne, without authority of law and without having a right to do so, contrary to the form of the statutes in such cases * * *."

The indictment follows the language of the statute. Ordinarily, this would be sufficient. However, we have specifically held that an indictment under KRS 435.150 is not sufficient if it merely alleges that the arrest was made "without authority of law." Kimbler v. Commonwealth, Ky., 269 S.W.2d 273; Carroll v. Commonwealth, 164 Ky. 599, 175 S.W. 1043. An example of a sufficient indictment under KRS 435.150 is set forth in Commonwealth v. White, reported in 101 S.W. 331, 30 Ky.Law Rep. 1322

It is the opinion of the Court that the Kimbler case is controlling and requires the judgment to be reversed and the case remanded for a new trial. In the event there is another trial upon a new indictment, the circuit court will sustain objections made to the introduction of testimony relating to other crimes which the appellant is said to have committed upon Relda Stewart and Emma Dell Hendrickson.

All other questions are specifically reserved.

The judgment is reversed for proceedings not inconsistent with this opinion.

CAMMACK and STEWART, JJ., dissent because they believe the indictment is sufficient.