COMMONWEALTH of Kentucky, Appellant,

v.

Joseph RESING, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1957.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., James P. Hanrahan, Commonwealth's Atty., Frankfort, for appellant.

Marion W. Rider, Frankfort, for appellee.

CLAY, Commissioner.

The Commonwealth requests a certification of the law concerning the correctness of a trial court order sustaining a demurrer to an indictment against appellee.

The indictment reads:

"The said Joseph Resing in the said county of Franklin, on the 17th day of January A.D., 1957, and within twelve (12) months before the finding of this indictment, *did unlawfully, wilfully and feloniously* on or about October 11, 1956, the said Joseph Resing, he being then an employee of the Department of Economic Security of Kentucky, an agency of the state government of the Commonwealth of Kentucky, and he *then having control of money and funds belonging to the Commonwealth of Kentucky* and deposited in the Farmers Bank and Capital Trust Company of Frankfort, Kentucky, for the use and benefit of the Department of Economic Security of Kentucky, and he further at said time *being under a trust and duty to specifically apply said funds* or such part of them in such manner and to such persons as he might have been directed by proper authority to apply them, did in violation of said trust and duty *wilfully misapply, misappropriate, use and expend said money* to the extent of $192.00 thereof by wrongfully and fraudulently withdrawing in the name of M. E. Cole the aforesaid amount of such money from the authorized depository therefor and by procuring the same to be paid over to him, the said Joseph Resing, for his own purposes or for the use of an-

other, *with the felonious intent to deprive the Commonwealth of Kentucky* and the said Department of Economic Security of Kentucky *of their property* in said money, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky." (Our emphasis.)

KRS 434.020(1) provides:

"(1) Any person, other than an officer of a city of the first class or an assistant or deputy of that officer, who has the custody, control or distinct possession of any money, bank notes, bonds, treasury notes, legal tender notes, promissory notes, property, effects or other movable thing of value belonging to or for the use of the state or any political subdivision of the state, and who is under any trust or duty to keep, return, deliver, cancel, destroy or specifically apply them or any part of them, and who, *in violation of that* trust or duty, willfully misapplies, misappropriates, conceals, uses, loans, or otherwise wrongfully and fraudulently disposes of such money, bank notes, bonds, promissory notes, property, effects or other movable thing of value, or any part of them, for his own purposes or use of another, with intent to deprive the owner or authority of them or any part of them, for the benefit of the wrongdoer, or of any other person, shall be confined in the penitentiary for not less than one nor more than ten years."

■ Defendant contends that the indictment fails to allege *facts* showing in what manner he had "control" of money and funds belonging to the Commonwealth. It is urged the Court must take judicial notice of the Kentucky statutes and that under them either the Commissioner of Economic Security or the State Treasurer must have control of these funds. This raises a question of law which has no pertinency to the issue before us.

We do not know, judicially or otherwise, if defendant or any other employee in a governmental department may exercise some measure of control over state funds. We are only concerned with the charges in the indictment. Whether or not defendant had control of the funds as alleged · is simply a matter of proof. The indictment adequately charges this element of the crime.

Defendant next contends that the indictment does not properly charge an offense under subsection (3) of KRS 434.020. Defendant may be correct in this contention, but the indictment is framed to charge an offense under subsection (1) of this statute. We cannot find the indictment bad because it fails to charge some other offense which someone might deem more appropriate.

Defendant finally contends that there is some ambiguity in the indictment and it does not sufficiently inform the defendant of the offense with which he is charged. As we read the indictment, it follows very closely the essential language of subsection (1) of KRS 434.020. Every element of the crime is specifically stated. As a general rule, an indictment which follows the language of the statute defining the offense is sufficient. Lewis v. Commonwealth, Ky., 299 S.W.2d 635. Not only is every fact necessary to constitute the offense under subsection (1) of KRS 434.020 charged, but the indictment most specifically states the manner in which the offense was committed. It would be difficult to draw a more complete indictment under this statute.

We are of the opinion that any person of common understanding would be adequately apprised of the offense charged by this indictment, and the trial court improperly sustained a demurrer to it. See Criminal Code of Practice, Section 122(2); Knuckles v. Commonwealth, Ky., 261 S.W.2d 667.

The law is so certified.